**Fredrick George OLSEN, Plaintiff and Appellant,**

v.

**Gary DeLAND, Director, Utah State Department of Corrections; David Franchina, Superintendent, Utah Correctional Institutions; Fred Hurst, Director, Minimum Security, Utah State Prison; and Gerald Cook, Warden, Utah State Prison, et al., Defendants and Respondents.**

No. 860272.

Supreme Court of Utah.

Feb. 2, 1987.

Rehearing Denied July 22, 1987.

Fredrick George Olsen, Draper, for plaintiff and appellant.

David A. McPhie, Salt Lake City, for defendants and respondents.

PER CURIAM:

On October 29, 1984, petitioner Fredrick George Olsen pleaded guilty to rape of a child, a first degree felony. The trial court accepted Olsen's plea of guilty after it inquired whether Olsen entered his plea voluntarily, whether he knowingly waived his rights to a fair trial and all other attendant rights, whether he understood the elements of the offense with which he had been charged, and whether he knew the minimum and maximum sentences that might

be imposed. The questions posed complied with the requirements of Rule 11(e) of the Utah Rules of Criminal Procedure, and Olsen responded in the affirmative to each and every one. On December 3, 1984, Olsen was sentenced to ten years' imprisonment with the possibility of a term for life.

More than one year later, Olsen filed, pro se, a petition for habeas corpus in district court, alleging that he had been denied effective aid and assistance of competent counsel during each of the critical stages of the proceedings before his plea and sentence. Specifically, Olsen alleged that his attorney had led him to believe that he would not be sent to prison, but would instead be placed in a rehabilitation program for sexual offenders. After an evidentiary hearing, the district court denied the petition, and this appeal followed. Olsen assigns three points of error: (1) In the habeas corpus proceeding, he was denied a full and fair hearing, in violation of Utah Constitution article I, section 5. (2) In the original hearing, he was not made aware of the requisite elements of the offense to which he entered his plea. (3) In the habeas corpus hearing, Olsen was denied due process and equal protection when the trial court failed to call Olsen's counsel to given Olsen an opportunity to question and cross-examine him to prove his claim of ineffective aid and assistance of competent counsel.

(1) We infer from Olsen's own words and the minute entry in the record that an evidentiary hearing was held during the habeas corpus proceedings, but decline to reach the merits of his first assignment of error, as he has not provided us with a transcript of the hearing. Absent the record, defendant's assignment of error stands as a unilateral allegation which we have no power to determine. *State v. Wulffenstein,* 657 P.2d 289 (Utah 1983).

(2) Olsen's contention that he was not made aware of the requisite elements of the offense to which he entered his plea is contradicted by the transcript provided us by the State. The trial court expressly informed Olsen that the State had the burden to prove beyond a reasonable doubt specific elements of the offense, and Olsen responded that he understood.

(3) Olsen alleges that all of his claims would have been established if the trial court had afforded him the opportunity to elicit testimony from his trial counsel at the habeas corpus hearing. There is nothing in the record before us to indicate that Olsen requested an opportunity to present any other testimony except that which he offered, and as stated before, the transcript of the hearing is not before us.

We hold that the district court properly found Olsen's plea voluntary and affirm the order denying the habeas corpus petition.