STATE of Utah, Plaintiff and Respondent,

v.

Bruce GIBBONS, Defendant and Appellant.

No. 860405.

Supreme Court of Utah.

June 30, 1987.

David L. Wilkinson, Dave B. Thompson, Salt Lake City, for plaintiff and respondent.

Ginger L. Fletcher, Salt Lake City, for defendant and appellant.

STEWART, Associate Chief Justice:

Defendant Bruce Gibbons appeals from convictions on two counts of sexual abuse of a child, second degree felonies, and one count of sodomy on a child, a first degree felony. Gibbons contends that the trial court failed to determine if the guilty plea he entered was made knowingly and voluntarily. Gibbons also challenges the constitutionality of the minimum mandatory sentencing scheme set forth in Utah Code Ann. § 76–3–201 (1987). Because of the incompleteness of the procedure in the trial court, we remand for further proceedings, but otherwise retain jurisdiction of the case for future action that may become necessary.

After being charged with the crimes enumerated above and after waiving a preliminary hearing, Gibbons appeared with counsel for arraignment in district court and pleaded guilty as charged to all counts. The following exchange occurred at the arraignment:

The Court: State vs. Gibbons. Bruce Gibbons; is that your correct name?

The Defendant: Yes, sir.

The Court: Mr. Hult is your attorney?

Mr. Hult: Yes, your Honor.

The Court: And have you received a copy of the information?

Mr. Hult: We have.

The Court: This is an information that alleges three counts. Count One sexual abuse of a child, a second degree felony, in Cache County, State of Utah, on or about January through June, 1985; Count two, sodomy on a child, a first degree felony, in Cache County, State of Utah, on or about June through September, 1985; and Count Three, sexual abuse of a child, in Cache County, a second degree felony, on or about March 8, 1986.

As to those three counts have you made a determination as to your plea?

Mr. Hult: Your Honor, there have been plea negotiations with regards to this. The negotiations consist of an agreement that no additional counts would be added and that the counts presently charged

would not be upgraded in light of any additional information, and also an agreement that an undertaking of bail which we're filing with the court today would not be opposed....

....

The Court: [A]s to the information that I just read to you, as to those three counts, what is your plea?

The Defendant: On all three counts it would be guilty.

The district court judge then informed Gibbons of the penalties for each offense, advised him that the sentences could run consecutively or concurrently, and informed him of the rights that would be waived by the entry of a guilty plea, but did not inform him of the elements of the crimes charged. The following exchange then took place:

The Court: I also have to determine if it's voluntary. Have there been any threats made against you that would induce you to plead guilty?

The Defendant: No threats.

The Court: Have there been any promises as to what sentence [you would receive] from this court that would induce you to plead guilty?

The Defendant: No.

The Court: Are you doing this then of your own volition?

The Defendant: Yes, sir.

The Court: Your decision?

The Defendant: My own decision.

The Court: And this is after you've discussed it with your attorney?

The Defendant: Yes, sir.

The Court: And after you've heard what I told you about your rights and the possible consequences?

The Defendant: Yes, sir.

The Court: Okay, I'll accept it as a voluntary plea....

On the basis of defendant's guilty pleas, and after a sentencing hearing, the court

sentenced Gibbons to two terms of from one to fifteen years and one term having a minimum mandatory of fifteen years and a maximum of life. The trial judge ordered that the terms were to run consecutively.

Gibbons has not moved to withdraw his guilty plea in the trial court; however, a timely notice of appeal was filed, and sometime thereafter, appellate counsel was substituted for Gibbons' trial counsel.

## I.

On this appeal, Gibbons claims his guilty plea was entered in violation of Utah Code Ann. § 77–35–11 (1982 & Supp. 1986) and his constitutional right to due process under *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Because of unusual circumstances, including the changing of defense counsel during the pendency of the appeal, no motion to withdraw the guilty plea was ever filed in the trial court, and ordinarily, this Court will not entertain an issue first raised on appeal in the absence of exceptional circumstances or plain error. *State v. Norton,* 675 P.2d 577, 581 (Utah 1983); *State v. Steggell,* 660 P.2d 252, 254 (Utah 1983). The State argues that we should decline to consider the guilty plea issue because it was not raised below. However, the statutory provision governing the withdrawal of a guilty plea, § 77–13–6 (1982), sets no time limit for filing a motion to withdraw the plea.[1] A motion to withdraw the guilty pleas, if successful, would render the appeal of the guilty pleas in this case moot; if the motion were unsuccessful, an appeal could then be taken, resulting in two appeals in the same case. To avoid this possibility and to eliminate the possibility of appeals from two different judgments in the same criminal case, we remand the case to enable defendant to file a motion to withdraw his guilty pleas, and we also retain jurisdiction over the case for any necessary future action.[2]

1. Utah Code Ann. § 77–13–6 (1982) states: "A plea of not guilty may be withdrawn at any time prior to conviction. A plea of guilty or no contest may be withdrawn only upon good cause shown and with leave of court."

2. Should defendant wish to pursue the appeal after the lower court proceedings, a new notice of appeal need not be filed. Defendant instead should notify this Court and supplement the record as required, and a new briefing schedule will be issued by the Clerk of the Court, if

*See generally Boggess v. Morris,* 635 P.2d 39 (Utah 1981). This disposition is also consonant with the policy of allowing trial judges to have the opportunity to address an alleged error. *See State v. Lesley,* 672 P.2d 79, 82 (Utah 1983).

## II.

Because our remand of the case will call in question before the trial court the validity of defendant's pleas under *Boykin v. Alabama, supra,* and Rule 11(e) of our rules, a statement of the law concerning the taking of guilty pleas in all trial courts in this state is appropriate.

Rule 11(e) of the Utah Rules of Criminal Procedure, § 77–35–11, states in pertinent part:

(e) The court may refuse to accept a plea of guilty or no contest and shall not accept such a plea until the court has made the findings:

(1) That if the defendant is not represented by counsel he has knowingly waived his right to counsel and does not desire counsel;

(2) That the plea is voluntarily made;

(3) That the defendant knows he has rights against compulsory self-incrimination, to a jury trial and to confront and cross-examine in open court the witnesses against him, and that by entering the plea he waives all of those rights;

(4) That the defendant understands the nature and elements of the offense to which he is entering the plea; that upon trial the prosecution would have the burden of proving each of those elements beyond a reasonable doubt; and that the plea is an admission of all those elements;

(5) That the defendant knows the minimum and maximum sentence that may be imposed upon him for each offense to which a plea is entered, including the possibility of the imposition of consecutive sentences; and

(6) Whether the tendered plea is a result of a prior plea discussion and plea agreement and if so, what agreement has been reached.

■ Rule 11(e) squarely places on trial courts the burden of ensuring that constitutional and Rule 11(e) requirements are complied with when a guilty plea is entered. The basis for that duty is found in *Boykin v. Alabama,* 395 U.S. 238, 243–44, 89 S.Ct. 1709, 1712–13, 23 L.Ed.2d 274 (1969), where the United States Supreme Court stated: "What is at stake for an accused facing [punishment] demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence."

■ In *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), the Court stated that "clearly the plea could not be voluntary in the sense that it constituted an intelligent admission that he committed the offense unless the defendant received 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" *Id.* at 645, 96 S.Ct. at 2257 (quoting *Smith v. O'Grady,* 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941)). Furthermore, to make a knowing guilty plea, the defendant must understand the elements of the crimes charged and the relationship of the law to the facts. In *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the Supreme Court, in construing Rule 11 of the Federal Rules of Criminal Procedure,[3]

---

necessary. Our retention of jurisdiction also means that defendant's other issue concerning the constitutionality of the minimum mandatory sentencing scheme remains viable if it is not rendered moot by the new proceedings.

**3.** Fed.R.Crim.P. 11 at the time *McCarthy* was decided stated:

A defendant may plead not guilty, guilty or, with the consent of the court, nolo conten-

dere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation

stated that the factual elements of the charges against the defendant must be explained in the taking of a guilty plea so that the defendant understands and admits those elements:

> [B]ecause a guilty plea is an admission of all of the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts....
>
> ... The judge must determine "that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty." ...
>
> ....
>
> ... There is no adequate substitute for demonstrating *in the record at the time the plea is entered* the defendant's understanding of the nature of the charge against him.

*Id.* at 466, 467, 470, 89 S.Ct. at 1170, 1171, 1172 (citations omitted, footnotes omitted, emphasis in the original).

■ Some trial courts attempt to satisfy the requirements for taking a guilty plea by using a written affidavit. However, the affidavits are not uniform throughout Utah,[4] and trial judges often rely on defense attorneys to inform their clients of the contents of the affidavit. In a concurring opinion in *Henderson*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108, Justice White wrote:

> [I]t is too late in the day to permit a guilty plea to be entered against a defendant solely on the consent of the defendant's agent—his lawyer. Our cases

make absolutely clear that the choice to plead guilty must be the defendant's: it is he who must be informed of the consequences of his plea and what it is that he waives when he pleads, *Boykin v. Alabama*, 395 U.S. 238 [89 S.Ct. 1709, 23 L.Ed.2d 274], (1969); and it is on his admission that he is in fact guilty that his conviction will rest.

*Id.* at 650, 96 S.Ct. at 2260. Because of the importance of compliance with Rule 11(e) and *Boykin*, the law places the burden of establishing compliance with those requirements on the trial judge. It is not sufficient to assume that defense attorneys make sure that their clients fully understand the contents of the affidavit.

■ The use of a sufficient affidavit can promote efficiency, but an affidavit should be only the starting point, not an end point, in the pleading process. A sufficient affidavit is one which is signed by the defendant, his attorney, the prosecutor, and the trial judge and which lists the names and the degrees of the crimes charged. The affidavit should contain both a statement of the elements of the offenses and a synopsis of the defendant's acts that establish the elements of the crimes charged. The affidavit should clearly state the allowable punishment for the crimes charged and should note that multiple punishments for multiple crimes may be imposed consecutively. The affidavit should list individually and specifically the rights waived by the entry of the guilty plea. The details of any plea bargain should be set forth in the affidavit, as well as a disclaimer concerning any sentencing recommendations as required by Rule 11(e).[5] Finally, the affidavit should disclose the defendant's ability

---

fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

4. Indeed, the form included in the record in this case is inadequate, being nothing more than a form with boxes for the trial judge to check denoting "The defendant acknowledges receiving a copy of the information and the same was read to him" (in this case, the information was not read); "Defendant is advised of his/her rights"; and "Plea is determined to be voluntary."

5. The final portion of Rule 11(e) provides:

> If it appears that the prosecuting attorney or any other party has agreed to request or recommend the acceptance of a plea to a lesser included offense, or the dismissal of other charges, the same shall be approved by the court. If recommendations as to sentence are allowed by the court, the court shall advise the defendant personally that any recommendation as to sentence is not binding on the court.

to read and understand the English language, the absence of promises to induce the plea, and the defendant's competency. The trial judge should then review the statements in the affidavit with the defendant, question the defendant concerning his understanding of it, and fulfill the other requirements imposed by § 77–35–11 on the record before accepting the guilty plea. If a court does not use an affidavit, the requirements set forth above and in § 77–35–11 must still be followed and be on the record.

This procedure may take additional time, but constitutional rights may not be sacrificed in the name of judicial economy. The procedure outlined is designed to assist trial judges in making the constitutionally required determination that the defendant's plea is truly knowing and voluntary and will tend to discourage, or at least facilitate swift disposition of, post-conviction attacks on the validity of guilty pleas because the trial judge will have produced a clearly adequate record for review.

We retain jurisdiction but remand for proceedings not inconsistent with this opinion.

HALL, C.J., and DURHAM and ZIMMERMAN, JJ., concur.

HOWE, J., concurs in the result.