Abe Levi WELLS, Plaintiff
and Appellant,

v.

Kenneth V. SHULSEN, Warden, Utah State Prison, State of Utah, Department of Adult Probation and Parole, Defendants and Respondents.

No. 20453.

Supreme Court of Utah.

Dec. 4, 1987.

Philip Jones, Orem, J. Bruce Savage, Park City, for plaintiff and appellant

David J. Wilkinson, J. Stephen Mikita, Kimberly Hornak, Salt Lake City, for defendants and respondents.

PER CURIAM:

This is an appeal from the denial of a petition for a writ of habeas corpus.

Plaintiff Abe Levi Wells was charged by criminal information with obtaining a prescription under false pretenses (Count I) and providing false information to a police officer (Count II). At his arraignment, Wells entered a plea of guilty to Count I. Before sentencing, he moved to withdraw the guilty plea on the ground that at the time it was entered he was under the influence of medication. The motion was denied, and Wells was sentenced to zero to five years in prison. Wells did not appeal from the denial of his motion.

Ten months after sentencing, Wells filed his petition for a writ of habeas corpus. He reasserted the claim that his guilty plea was not knowingly and intelligently entered since he was under the influence of medication at the time. An evidentiary hearing was held, and the district court denied the writ of habeas corpus. Wells then filed his notice of appeal with this Court.

In denying Wells' petition, the district court ruled on the merits that Wells' plea was entered intelligently and voluntarily and that the trial court had not abused its discretion in denying Wells' motion to withdraw his guilty plea. On appeal, Wells attacks this ruling with various conten-

tions. We are precluded from addressing those contentions under basic principles of appellate review.

Habeas corpus proceedings may be used to attack a judgment of conviction in the event of an obvious injustice or a substantial and prejudicial denial of a constitutional right in the trial of the matter. Utah R.Civ.P. 65B(f); *Chess v. Smith*, 617 P.2d 341, 343 (Utah 1980). On the other hand, the post-conviction relief provided by rule 65B(i) may not be used as a substitute for regular appellate review. In *Codianna v. Morris*, 660 P.2d 1101, 1104 (Utah 1983), this Court stated as follows:

> [A]llegations of error that could have been but were not raised on appeal from a criminal conviction cannot be raised by habeas corpus or postconviction review, except in unusual circumstances.

A much-quoted statement of the type of errors that are and are not cognizable by habeas corpus is the following from this Court's unanimous opinion in *Brown v. Turner*, 21 Utah 2d 96, 98–99, 440 P.2d 968, 969 (1968) (Crockett, C.J.):

> [Habeas corpus] is an extraordinary remedy which is properly invocable only when the court had no jurisdiction over the person or the offense, or where the requirements of law have been so disregarded that the party is substantially and effectively denied due process of law, or where some such fact is shown that it would be unconscionable not to re-examine the conviction. *If the contention of error is something which is known or should be known to the party at the time the judgment was entered, it must be reviewed in the manner and within the time permitted by regular prescribed procedure, or the judgment becomes final and is not subject to further attack, except in some such unusual circumstance as we have mentioned above.* Were it otherwise, the regular rules of procedure governing appeals and the limitations of time specified therein would be rendered impotent. [Emphasis added.]

In the instant case, Wells moved for the withdrawal of his guilty plea before sentencing. He argued that the plea was involuntary because he was under the influence of medication at the time it was entered. The trial court rejected that argument and refused to set aside the guilty plea. Wells did not appeal from that proceeding. In his collateral attack on the sentence imposed as a result of the guilty plea, Wells has not provided this Court with any reason or cause why he took no direct appeal. Under both federal and state laws, a petitioner in a habeas corpus proceeding must show cause for a procedural default and the resulting prejudice he suffered. *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Chess v. Smith*, 617 P.2d at 344. The record in this case does not divulge a cause for the procedural default or an obvious injustice or prejudicial denial of a constitutional right in the entry of Wells' pleas.

The denial of the writ is affirmed.