Ronald Dean **LANCASTER**, Plaintiff and Appellant,

v.

Gerald **COOK**, Warden, Utah State Prison, Defendants and Respondents.

No. 870431.

Supreme Court of Utah.

April 7, 1988.

Rehearing Denied April 26, 1988.

Ronald Dean Lancaster, pro se.

David L. Wilkinson, Kimberly Hornak, Salt Lake City, for defendants and respondents.

PER CURIAM:

Plaintiff filed, in *propria persona*, a petition for post-conviction relief in the trial court with respect to his guilty plea to and subsequent conviction of second degree murder. The trial court dismissed the petition as inappropriate, as plaintiff had not brought a motion to withdraw his guilty plea and a collateral attack under rule 65B of the Utah Rules of Civil Procedure was therefore not permissible. We reverse and remand for entry of findings on the merits.

In response to plaintiff's petition, the State brought a motion to dismiss on the ground that under the rationale of *State v. Gibbons*, 740 P.2d 1309 (Utah 1987), plaintiff was precluded from bringing a motion for post-conviction relief until he had first brought a motion to set aside his guilty plea. The trial court adopted that rationale in its order denying writ of habeas corpus, and the State repeats it before this Court in challenging the merits of plaintiff's habeas corpus petition.

*State v. Gibbons* is inapposite here. Gibbons pleaded guilty to several charges and then appealed *directly* after the trial court had sentenced him to consecutive terms of imprisonment. He did not file a motion to withdraw his guilty plea before perfecting his appeal, and the State argued that this Court should decline to consider the guilty plea issue because it was not raised below, 740 P.2d at 1311. This Court declined to follow the State's request and remanded the case to enable Gibbons to file a motion to withdraw his guilty plea, retaining jurisdiction over the case for further action. *State v. Gibbons* did not represent a *collateral* attack on the guilty plea.

Conversely here, plaintiff filed a post-conviction petition to challenge the validity of his guilty plea some nine years after the time for a direct appeal had run. It appears from his handwritten pleadings that he was originally charged with first degree murder, but pleaded to second degree murder when the prosecution was unable to prove the aggravating circumstances with which he had been charged. In his habeas corpus petition, plaintiff appears to allege that he thought he had pleaded to "unintentional murder" and that he should have been sentenced to one to fifteen years' imprisonment instead of five years to life. Plaintiff stated that he was innocent of knowingly and intentionally committing the offense and was therefore unlawfully imprisoned and that he had been denied due process and effective assistance of counsel. In addition, plaintiff challenged the constitutionality of the statutes under which he was charged and sentenced.

This Court has repeatedly stated that habeas corpus is not a substitute for and cannot be used to perform the function of regular appellate review. *Porter v. Cook*, 747 P.2d 1031, 1032 (Utah 1987); *Codianna v. Morris*, 660 P.2d 1101, 1104 (Utah 1983); *Martinez v. Smith*, 602 P.2d 700, 702 (Utah 1979). But it has also recognized that review by habeas corpus is appropriate in unusual circumstances to assure fundamental fairness and to reexamine a conviction when the nature of the alleged error is such that it would be unconscionable not to reexamine. *Codianna*, 660 P.2d at 1115 (Stewart, J., concurring in result). Moreover, rule 65B(i) of the Utah Rules of Civil Procedure specifically provides that a prisoner who asserts a substantial denial of his constitutional rights "may institute a proceeding under this rule." See also *Martinez v. Smith, supra,* where this Court held a petition for habeas corpus reviewable without first requiring the withdrawal of a guilty plea. Given the allegations plaintiff made in his petition, it was therefore error for the trial court to dismiss the petition without granting a hearing.

Without the benefit of findings, this Court is in no position to review the validity of plaintiff's claims. It is safe to assume that trial courts prefer to give short shrift to the many post-conviction petitions which they decide lack merit. It is equally safe to assume that an appellate court will be unable to review the case in a vacuum

and will have to remand it where no rationale for dismissal or denial is given. A simple finding, on the other hand, will suffice in the vast majority of cases to limit the judicial process to one review. The trial court's basis for dismissing plaintiff's petition in this case was erroneous, as stated. The record is too sparse for this Court to determine whether the issues raised by the pleadings were legal, so that it could affirm the trial court on the ground that the claims were properly resolved as a matter of law. *See Gonzales v. Morris,* 610 P.2d 1285, 1286 (Utah 1980). Instead, it appears that plaintiff claims irregularity in the reception of his guilty plea, an issue that should have been considered by the trial court.

The case is remanded for entry of findings on the merits.