**James MATTHEW, Plaintiff and Appellant,**

*v.*

**Gerald COOK, Warden, Utah State Prison, et al., Defendants and Respondents.**

No. 870451.

Supreme Court of Utah.

April 28, 1988.

James Matthew, pro se.

David L. Wilkinson, Kimberly K. Hornak, Salt Lake City, for defendants and respondents.

### PER CURIAM:

Plaintiff appeals from the denial of his petition for post-conviction relief brought under rule 65B(i) of the Utah Rules of Civil Procedure. We affirm.

In 1985, plaintiff was sentenced to a minimum mandatory term for the crime of rape of a child. Utah Code Ann. § 76-5-402.1 (1978). He did not appeal from his conviction and sentence. In November of 1987, plaintiff brought his petition for post-conviction relief, alleging that the minimum mandatory sentencing statute under which he had been sentenced was unconstitutional. The trial court determined that plaintiff did not have a remedy through writ of habeas corpus and that the challenged statute was constitutional.

Our decision in *State v. Bishop,* 717 P.2d 261 (Utah 1986), is dispositive of plaintiff's challenge of the statute on equal protection grounds. *Accord State v. Egbert,* 748 P.2d 558 (Utah 1987); *State v. Gerrish,* 746 P.2d 762 (Utah 1987); *State v. Gentry,* 747 P.2d 1032 (Utah 1987). The trial court's rejection of plaintiff's challenge was therefore proper.

The trial court properly ruled that plaintiff had no redress through habeas corpus proceedings. The writ "is not a substitute for and cannot be used to perform the function of regular appellate review." *Codianna v. Morris,* 660 P.2d 1101, 1104 (Utah 1983); *accord Porter v. Cook, Warden,* 747 P.2d 1031 (Utah 1987); *Wells v. Shulsen, Warden,* 747 P.2d 1043 (Utah 1987). Plaintiff did not show cause why he failed to follow the route of regular appellate procedure and that he suffered prejudice as a result of his default.

The denial of the writ is affirmed.

STEWART, Associate C.J., concurs in the result.