Clyde GOMM, Plaintiff and Appellant,

v.

Gerald COOK, Warden, Utah State Prison, Defendant and Respondent.

No. 870300–CA.

Court of Appeals of Utah.

May 18, 1988.

Philip G. Jones, McCullough, Jones & Jensen, Orem, for plaintiff and appellant.

David L. Wilkinson, Atty. Gen., Kimberly K. Hornak, Asst. Atty. Gen., for defendant and respondent.

Before JACKSON, ORME and GREENWOOD, JJ.

## MEMORANDUM DECISION

PER CURIAM:

The present case is an appeal from the district court's denial of a petition for writ of habeas corpus. We affirm.

Appellant pled guilty to incest, a third degree felony, on March 21, 1985. He was sentenced on May 9, 1985, to an indeterminate term of zero to five years at the Utah State Prison. Appellant did not move to withdraw his plea nor did he file a direct appeal. Instead, he filed a petition for post-conviction relief on April 29, 1986 in Third District Court. The State moved to dismiss the petition on the ground that a petition for post-conviction relief cannot be used as a substitute for a direct appeal. The lower court denied the motion. After an evidentiary hearing on February 6, 1987, the district court found that Gomm made a knowing and voluntary guilty plea and denied post-conviction relief.

## JURISDICTION AND PROCEDURE

As a preliminary matter, we address the State's contentions that the appeal is not properly before this Court. On appeal, the State contends that "[b]ecause a post-conviction writ is not a substitute for a direct appeal and petitioner failed to file an appeal, the present petition is not properly before this Court." The State also contends that because appellant has not moved to withdraw his guilty plea, the appeal to this Court is not proper under *State v. Gibbons*, 740 P.2d 1309 (Utah 1987).

■ The State correctly notes that a petitioner cannot raise issues in post-conviction proceedings that could have been raised on direct appeal, except in unusual circumstances. *Robbins v. Cook*, 737 P.2d 225 (Utah 1987). The State acknowledges, however, that post-conviction review may be used to attack a judgment of conviction in the event of an obvious injustice or a substantial and prejudicial denial of a constitutional right in the trial of a matter. *Wells v. Shulsen*, 747 P.2d 1043 (Utah 1987). While the foregoing established principles apply to a consideration of the merits of this appeal, they are not limitations on this court's appellate jurisdiction under Utah Code Ann. § 78–2a–3(f) (1987). We conclude that there is no "jurisdictional" defect that would prevent this court from reviewing the district court's decision.

■ The State also contends that the present appeal is not properly before this court because Gomm has not moved to withdraw his guilty plea. The district court declined to dismiss the petition and instead held an evidentiary hearing to fully explore the issue of voluntariness of the guilty plea, and we determine that it is appropriate to review the merits of the appeal.[1]

## VOLUNTARINESS OF PLEA

■ Gomm contends that his guilty plea was not knowing and voluntary because he was under the influence of drugs and/or was suffering from a mental illness. Gomm testified, in substance, at the evidentiary hearing on his petition for post-conviction relief that, at the time he entered his plea, he was under the influence of various prescription drugs that he had consumed in quantities in excess of the prescribed dosages. He also suggested that he was suffering from a mental illness and was unable to comprehend and correctly respond to inquiries of the court. Gomm's wife and daughter both testified concerning his prescription drug abuse and his mental state at the time he entered the plea. A medical doctor who had treated Gomm for back problems testified concerning his awareness of Gomm's prescription drug dependency and as to the possible effects of drug use on Gomm's reasoning ability. The doctor could not testify specifically about Gomm's condition at the time he entered his plea.

The State called defense counsel in the original criminal case as a witness. Defense counsel indicated that Gomm made appropriate responses to each question posed by the trial judge at the time the plea was entered, that his outward appearance indicated he understood what was happening, and that counsel would have spoken if he felt his client did not understand. The transcript of the entry of the guilty plea reflects that Gomm testified when questioned by the trial judge that he was not under the influence of drugs or alcohol and was not mentally ill. Gomm volunteered that he was being seen by a psychologist, but responded in the negative to the trial

---

1. After the completion of briefing in this case, the Utah Supreme Court released its opinion in *Lancaster v. Cook*, 753 P.2d 505 (Utah 1988) (per curiam), specifically rejecting the position urged by the State. *Lancaster* held that it was error for the trial court to summarily dismiss a habeas corpus petition for failure to make a motion to withdraw a guilty plea. The Court noted that, given allegations of "irregularity in the reception of his guilty plea," it was error for the

trial court to dismiss the petition without granting a hearing. *Id.* at 507. The present case presents the opposite procedural situation and a resolution entirely consistent with *Lancaster*. Here, the trial court refused to dismiss the petition, held an evidentiary hearing on the claims, and entered a lengthy, well-reasoned memorandum decision as well as written findings of fact and conclusions of law.

court's follow-up question as to whether he was mentally ill.

The district court denied the petition in a lengthy memorandum decision and also entered written findings of fact and conclusions of law. The district court found, in part:

1. The Court finds that the trial judge who took Petitioner's guilty plea asked Petitioner in open court whether Petitioner understood each one of his constitutional rights and the possible penalty Petitioner could receive if he entered a plea of guilty.

2. The Court finds that the trial judge examined Petitioner to determine if Petitioner had a clear mind and understood the proceedings.

3. The Court finds that Petitioner answered clearly and succinctly in response to the trial judge's questions and that the Petitioner never indicated to the trial judge that he had questions or did not understand the proceedings.

4. The Court finds that there is insufficient evidence to support Petitioner's claim of impaired mental or physical condition at the time of entry of the Petitioner's plea.

The memorandum decision stated that the issue of mental competency was not raised on direct appeal and there are no unusual circumstances justifying post-conviction relief. The district court further found that facts regarding Gomm's mental competency at the time of the plea should have been known by the date of sentencing, and there was no indication that Gomm did not know of his right to appeal.

In reviewing a challenge to a trial court's factual findings, we apply a "clearly erroneous" standard. That standard requires that "if the findings ... are against the clear weight of the evidence, or if the appellate court otherwise reaches a definite and firm conviction that a mistake has been made, the findings ... will be set aside."

*State v. Walker,* 743 P.2d 191, 193 (Utah 1987). We conclude that the findings of the district court are supported by the weight of the evidence and that they adequately support the conclusion of the court that the requirements of Utah Code Ann. § 77–35–11 (1982) were satisfied. The judgment denying post-conviction relief is affirmed.[2]

---

**2.** Within a few days of the date of the decision by the district court in the present case, the Utah Supreme Court decided the case of *State v. Gibbons,* 740 P.2d 1309 (Utah 1987), which emphasized the requirements for compliance with Utah Code Ann. § 77–35–11 (1982) in accepting guilty pleas and the necessity of creating a record. We conclude that *Gibbons* does not compel a different result in this case, where the trial court record was sufficient to establish compliance with the statute as interpreted in *Gibbons.*