Steven V. SUMMERS, Plaintiff
and Appellant,

v.

Gerald COOK, Warden, State Prison,
Defendant and Respondent.

No. 870070–CA.

Court of Appeals of Utah.

July 27, 1988.

James N. Barber (argued), Salt Lake City, for plaintiff and appellant.

David L. Wilkinson, State Atty. Gen., Sandra L. Sjogren, Stanley H. Olsen (argued), Asst. Attys. Gen., for defendant and respondent.

Before ORME, DAVIDSON and BENCH, JJ.

## OPINION

ORME, Judge:

Plaintiff appeals from the dismissal of his habeas corpus petition and denial of his two requests for default judgment. We reverse in part and remand.

## FACTS

On July 13, 1985, plaintiff was charged in Fourth District Court with obtaining a controlled substance by fraud or misrepresentation, a third degree felony, to which he initially entered a plea of not guilty. Following plea negotiations, on August 15, 1985, plaintiff moved to withdraw his origi-

nal plea and was permitted to enter a plea of guilty. Prior to sentencing, on September 13, 1985, plaintiff made a motion to withdraw his guilty plea, citing his dissatisfaction with the plea arrangement and his appointed counsel. The court discharged plaintiff's counsel and appointed new counsel to advise plaintiff on his motion to withdraw the guilty plea. On October 4, 1985, after a hearing, the court denied plaintiff's motion and sentenced him to an indeterminate term of not more than five years in the Utah State Prison.

Following commitment to the prison, plaintiff filed several motions pro se which included two "motions" for writ of habeas corpus—one filed on October 9, 1985 and another on November 4, 1985. The trial court transferred the habeas corpus "motions" to Third District Court, which had jurisdiction over the place of plaintiff's confinement. On April 11, 1986, plaintiff filed an affidavit of impecuniosity and a motion for appointment of counsel. The third district granted plaintiff's motion for appointment of counsel and immediately assigned new counsel to represent plaintiff in the habeas corpus proceeding. Plaintiff also filed a motion for default judgment on April 11, 1986, based on defendant's failure to answer his habeas corpus "motions."

Following a hearing held on April 28, the third district denied plaintiff's motion for default judgment and granted plaintiff's counsel an extension to perfect plaintiff's habeas corpus filings by setting forth, with particularity, his substantive claims so as to enable defendant to file an appropriate response. On June 2, 1986, plaintiff filed a motion to appoint new counsel based on a lack of communication with his assigned counsel. Shortly thereafter, plaintiff's counsel filed a petition for writ of habeas corpus claiming irregularities in the reception of plaintiff's guilty plea and ineffective assistance of counsel for the alleged failure of prior counsel to adequately advise plaintiff with respect to the plea negotiations and to perfect an appeal from plaintiff's conviction.

The court subsequently denied plaintiff's motion to appoint new counsel and gave plaintiff the option of either proceeding with assigned counsel or proceeding pro se. Plaintiff chose to represent himself and filed an amended habeas corpus petition which reiterated those claims set forth in the petition recently prepared by counsel and added further allegations with respect to his plea arrangement. In addition, plaintiff filed a motion for credit for time served in Fourth District Court on June 18, 1986, which that court denied. Plaintiff filed an appeal from that motion on July 25, 1986.

In response to plaintiff's amended habeas corpus petition, defendant filed a motion to dismiss on October 29, 1986, claiming the court lacked jurisdiction to entertain the issues raised by plaintiff because his conviction was on direct appeal to the Utah Supreme Court. The third district granted defendant's motion, stating that habeas corpus cannot be used as a substitute for direct appeal, even though plaintiff's "direct appeal" only concerned denial of his post-conviction motion for credit for time served. Plaintiff appealed.

## STATE V. GIBBONS

"Buyer's remorse" about guilty pleas has resulted in numerous and varied efforts by convicted defendants to escape the result of their pleas. The courts, in turn, have struggled with defining the procedural avenues for appropriate attacks on guilty pleas. The single most significant Utah case in this regard is *State v. Gibbons*, 740 P.2d 1309 (Utah 1987).

In *Gibbons*, the Supreme Court determined that a defendant could not simply appeal a conviction based on a guilty plea. *Id.* at 1311–12. Rather, defendant must first file a motion to withdraw plea, giving the court who took the plea the first chance to consider defendant's arguments. *Id.* If the motion is denied, defendant could then appeal—not from the conviction per se, but from the denial of the motion.[1] *See id.*

---

**1.** This aspect of *Gibbons* has engendered little controversy. By contrast, the decision's perceived imposition of new burdens on trial courts in the taking of guilty pleas, *see* 740 P.2d at 1312–14, has been less than enthusiastically received by many on the trial bench.

Some had read *Gibbons* to require—and the state advances the view in this case—that attacks on guilty pleas are limited to motions to withdraw and direct appeals from the denial of such motions, with no role whatsoever for collateral attacks on guilty pleas.

It appears, however, that insofar as *Gibbons* concerns the procedure for attacking a guilty plea,[2] it only addresses the procedure for *directly* attacking a guilty plea: Defendant must first move to set aside the plea; he or she cannot challenge the plea for the first time on appeal from the conviction. A recent Supreme Court opinion suggests that *Gibbons* does not concern the separate question of when a collateral attack on a guilty plea can be asserted. *See Lancaster v. Cook*, 753 P.2d 505, 506 (1988) (per curiam).[3]

## GUILTY PLEAS AND
## HABEAS CORPUS

■ It is true that a habeas corpus petition cannot be used as a substitute for regular appellate review. *Wells v. Shulsen*, 747 P.2d 1043, 1044 (Utah 1987) (per curiam); *Codianna v. Morris*, 660 P.2d 1101, 1104 (Utah 1983). Habeas can be used, however, to challenge a judgment of conviction in the event of an obvious injustice or a substantial and prejudicial denial of a constitutional right in the trial of a matter. *Chess v. Smith*, 617 P.2d 341, 343 (Utah 1980); Utah R.Civ.P. 65B(f). Prior case law holds that to successfully attack a guilty plea collaterally, a petitioner must demonstrate an obvious injustice or a substantial and prejudicial denial of a constitutional right in the reception of the plea and must show cause why he or she took no direct appeal. *Wells v. Shulsen*, 747 P.2d at 1044. The unsigned opinion in *Lancaster*, in which the Court reiterated that habeas corpus review "is appropriate in un-

usual circumstances to assure fundamental fairness and to reexamine a conviction when the nature of the alleged error is such that it would be unconscionable not to reexamine," seems to say that challenges to the voluntariness of guilty pleas ordinarily require consideration on the merits. *Lancaster v. Cook*, 753 P.2d at 506.

In *Wells*, as in this case, the petitioner challenged, by habeas corpus, the trial court's denial of his motion to withdraw his guilty plea. The habeas court in *Wells* held an evidentiary hearing and ruled on the merits that Wells' plea was entered intelligently and voluntarily and that the trial court had not abused its discretion in denying Wells' motion to withdraw his guilty plea. Wells appealed the habeas court's ruling. The Utah Supreme Court, however, while apparently approving of the court's holding of an evidentiary hearing, refused to review the habeas court's ruling because Wells had not shown cause at the hearing why he took no direct appeal from the denial of his motion. *See Wells*, 747 P.2d at 1044.

■ Though the procedural posture of this case is similar to that in *Wells*, we do not reach the same result as the Supreme Court did in *Wells* for two reasons. Unlike in *Wells*, the habeas court in this case did not hold an evidentiary hearing on the merits of plaintiff's claims. In addition, unlike in *Wells*, plaintiff explained both to the habeas court and to this court the reason why he did not pursue a direct appeal of the trial court's denial of his motion to withdraw his guilty plea. At the hearing on defendant's motion to dismiss his habeas corpus petition, plaintiff explained to the court:

I've clearly stated in the Amended Complaint that I did not have an opportunity to appeal. I don't even know if you can appeal a guilty plea, but I did not have

---

2. The main focus in *Gibbons* is on the requirements for validly accepting a guilty plea rather than on the procedural route for a defendant's challenge to a previously accepted guilty plea.

3. Lancaster commenced his habeas corpus action some nine years after the time had run for his taking a direct appeal from his conviction.

753 P.2d, at 506. The per curiam opinion in *Lancaster* does not explain why a motion to withdraw plea would nonetheless be the preferred method of attack, an omission which is especially curious in view of *Gibbons'* emphasis of the fact that there is "no time limit for filing a motion to withdraw [a guilty] plea." 740 P.2d at 1311.

an opportunity to appeal. I was appointed a court attorney who never saw me. I sent him one letter. I made several phone calls. I wasn't afforded the opportunity to appeal and at that time didn't know how to do one....

The Utah Supreme Court has previously recognized in this general regard that

[o]ne instance of an obvious injustice would be the failure of an attorney to take an appeal when there is a substantial claim of a deprivation of a constitutional right which goes to the basic fairness of the trial. A petition for a writ of habeas corpus is clearly appropriate in such circumstances and may be properly utilized to remedy a failure to perfect an appeal occasioned by counsel.

*Chess v. Smith,* 617 P.2d 341, 343–44 (Utah 1980).

It is unclear, absent an evidentiary record, whether the failure to take an appeal from the denial of his motion to withdraw guilty plea was actually occasioned by counsel or by the lack of counsel. After the motion to withdraw his guilty plea was denied, plaintiff requested the court to appoint another attorney to assist in the matter. The court refused and plaintiff was immediately transferred to the prison and was apparently not appointed new counsel until the time for appeal from the denial of his motion had passed. Upon commitment to the prison, notwithstanding the lack of counsel, plaintiff filed a habeas corpus petition pro se which, when new counsel was appointed, was amended to more precisely challenge the denial of his motion to withdraw his guilty plea.

■ Given plaintiff's stated reasons for not taking a direct appeal and the nature of his claims, meaningful habeas corpus review is appropriate in this case to assure fundamental fairness. Therefore, we find error in the dismissal of plaintiff's petition without holding an evidentiary hearing on the merits of his claims.[4] *See Lancaster v. Cook,* 753 P.2d at 506. *Cf. Gomm v. Cook,* 754 P.2d 1226 (Ct.App.1988) (per curiam) (affirming denial of habeas corpus relief where trial court held evidentiary hearing on voluntariness of plea and entered a detailed, well-reasoned memorandum decision as well as written findings of fact and conclusions of law).

### CONCLUSION

Accordingly, the third district's dismissal of plaintiff's petition is reversed and the case remanded for an evidentiary hearing —or other appropriate proceedings[5]—on the claims set forth in plaintiff's habeas corpus petition. Plaintiff's claim that he was entitled to default judgment is without merit and the district court's disposition in that regard is affirmed.

■ Out of concern that our opinion might otherwise be perceived as simply adding to the confusion in this area of the law, we wish to summarize our understanding of the status of the various possible routes for attacking guilty pleas. As we read the pertinent cases with an eye to harmonizing them, challenge may be made to a guilty plea either directly or collaterally. If it is made directly, it must be in the context of a motion to withdraw a guilty plea, the denial of which can be appealed. *E.g., Gibbons.* If it is made collaterally, no

**4.** In this case, although the transcript is not part of our record, the fourth district held a hearing in connection with plaintiff's motion to withdraw plea. It is unclear whether evidence was taken or whether counsel simply debated the motion. If an evidentiary hearing was held, plaintiff had the assistance of counsel, and the key facts concerning plaintiff's dissatisfaction with his plea had been fully aired, a redundant evidentiary hearing would not be required to be conducted by the habeas court. *Cf. State v. Gibbons,* 740 P.2d at 1314 (procedure outlined in opinion will insure production of "a clearly adequate record for review" which will "facili-

tate swift disposition of post-conviction attacks on the validity of guilty pleas"). Rather, that court could secure a transcript of the prior hearing and, if it showed that plaintiff was not entitled to relief, deny the petition on that basis. Likewise, if the transcript were part of our record, in the interest of judicial economy we would undertake an independent review of the record in an effort to decide the merits of plaintiff's claims, rather than remand for an evidentiary hearing.

**5.** *See* note 4, *supra.*

prior motion to withdraw is required. *E.g., Lancaster.* In either scenario, an evidentiary hearing must ordinarily be held unless the record of a prior hearing shows petitioner is clearly not entitled to relief. *See, e.g., Lancaster.* If the direct route of filing a motion to withdraw is selected, further review must be in the form of appeal from denial of the motion and failure to appeal would ordinarily be conclusive. *E.g., Wells.* However, where the failure to appeal from denial of the motion is due to counsel's omission or other good cause, review of the denial may be had by collateral action. *E.g., Chess v. Smith.* Proper resolution of the collateral action will require an evidentiary hearing unless review of the transcript of the hearing on the motion to withdraw permits a decision as a matter of law. *E.g., Lancaster.*

DAVIDSON and BENCH, JJ., concur.