**Ronald Dean LANCASTER, Plaintiff and Appellant,**

v.

**Gerald L. COOK, Warden, Defendant and Appellee.**

**No. 880396.**

Supreme Court of Utah.

Sept. 29, 1989.

Ronald Dean Lancaster, pro se.

R. Paul Van Dam, Dan R. Larsen, Salt Lake City, for defendant and appellee.

PER CURIAM:

Plaintiff was originally charged with first degree murder committed during the commission of rape, a capital felony under Utah Code Ann. § 76–5–202(1)(d) (1978). On June 26, 1978, as a result of a plea bargain, plaintiff entered a plea of guilty to the amended information, which charged murder in the second degree, a first degree felony under section 76–5–203(1)(a). Plaintiff was duly sentenced to imprisonment for the indeterminate term applicable to cases of first degree felony, five years to life, pursuant to section 76–3–203(1). No direct appeal was taken from the sentence.

On September 28, 1987, plaintiff filed a petition for a writ of habeas corpus attacking his 1978 conviction on the ground that his plea of guilty was not voluntarily entered. The trial court dismissed the petition, ruling that plaintiff must first move to withdraw his guilty plea under *State v. Gibbons*, 740 P.2d 1309 (Utah 1987). This Court reversed that ruling on the ground that *Gibbons* was a direct appeal and a motion to withdraw a guilty plea is not a prerequisite to seeking post-conviction relief attacking the guilty plea. The case was remanded to the district court for an evidentiary hearing and findings on the merits. *Lancaster v. Cook*, 753 P.2d 505 (Utah 1988).

On remand, the trial court granted plaintiff's motion to require the State to produce

a transcript of his 1978 sentencing hearing. The transcript was produced, and an evidentiary hearing was held on September 12, 1988. Plaintiff called no witnesses for the purposes of this hearing, but argued his case before the judge *pro se*. Plaintiff requested production of other parts of his criminal record and certain documents prepared by the F.B.I. and the Salt Lake City Police, but the trial court denied this request on the ground that the documents were irrelevant to the question of whether plaintiff's plea was voluntary. No witnesses were called on behalf of the State. After the evidentiary hearing, in accordance with our previous mandate to enter findings, *see Lancaster*, 753 P.2d at 507, the trial court made written findings as follows:

1. That the nature and elements of the offense of second degree murder were sufficiently explained to petitioner by Judge Ernest F. Baldwin at the plea and sentencing hearing held on June 26, 1978.

2. That petitioner knowingly, intelligently, and voluntarily entered a plea of guilty to intentionally or knowingly causing the death of Patricia Cobb.

3. That petitioner knew and understood that the statutory sentence for the offense of second degree murder was a term of not less than five years and which may be for life.

4. That petitioner failed to file a direct appeal from his judgment and sentence.

5. That petitioner is without funds to pay the costs in this matter.

6. That the State has produced the transcript to the plea and sentencing hearing held on June 26, 1978.

We have reviewed the transcript of the June 26, 1978 hearing at which plaintiff's plea was taken, as well as the transcript of the September 12, 1988 hearing and affirm the trial court's findings as stated.

After making its findings, the trial court ruled that plaintiff's plea was voluntary and was knowingly and intelligently entered; that all other issues raised in the petition for habeas corpus filed September 28, 1987, could or should have been raised on direct appeal and could not be raised on collateral attack, absent unusual circumstances, *Codianna v. Morris*, 660 P.2d 1101 (Utah 1983); and that the petition otherwise failed to state a constitutional claim on which relief could be granted. The trial court therefore dismissed the petition for habeas corpus.

Plaintiff has appealed *pro se*. He states that his rights to due process were denied because the evidentiary hearing was not full, fair, or adequate since the trial judge did not address the merits of all of the issues raised in his petition for writ of habeas corpus. The State responds that plaintiff had notice of the date of the evidentiary hearing and was afforded the opportunity to submit relevant evidence in support of his claim and to argue his points to the court. The State argues that the hearing was full, fair, and adequate and the trial court's order should therefore be affirmed. *Olsen v. DeLand*, 739 P.2d 615 (Utah 1987). We agree.

Plaintiff moved for production of evidence at the State's cost, and that motion was granted. The transcript of plaintiff's plea and sentencing hearing was produced and submitted to the court. Plaintiff chose to argue his points *pro se*, but asked for appointment of "standby counsel." The latter motion was denied in this civil matter, and petitioner was allowed to argue his theories to the court.

■ Plaintiff's basic argument to the trial court and here is that he should not have been sentenced to a term of five years to life, but instead should have been sentenced to a term of not less than one year nor more than fifteen years, under Utah Code Ann. § 76-3-203(2) (1978). We think that plaintiff is confused about the concepts of second degree murder, which is a first degree felony, to which plaintiff pleaded guilty and for which the sentence is set at five years to life under section 76-3-203(1), and a second degree felony, for which the sentence is set under section 76-3-203(2) at one to fifteen years. Plaintiff cites *State v. Hansen*, 734 P.2d 421 (Utah 1986), which assuredly discusses a

difference between "intentional first degree felony murder," a capital crime, and "unintentional second degree felony murder," a first degree felony. Plaintiff argues that he did not go to the girl's house with the intention of killing her and he thought that he was pleading guilty to "unintentional second degree murder." He was not charged with felony murder, nor do the facts of his case, as plaintiff explained them to the trial court, fit the elements of that crime. Moreover, it avails plaintiff naught to argue in this matter that he should be sentenced under the lesser felony statute, for "unintentional second degree felony murder" is a first degree felony and the sentence is set at five years to life under section 76–3–203(1), not 76–3–203(2).

 Plaintiff clearly and voluntarily pleaded guilty to second degree murder and was sentenced accordingly. Upon our remand from his previous appeal, the trial court afforded him a full and fair evidentiary hearing and made findings of fact in accordance with our mandate. The trial court's order denying the petition for writ of habeas corpus is therefore affirmed.