James A. WARNER, Plaintiff and Appellant,

v.

Lawrence MORRIS, Warden, Utah State Prison, Defendant and Respondent.

No. 20119.

Supreme Court of Utah.

Oct. 4, 1985.

J. Bruce Savage, Jr., Park City, for plaintiff and appellant.

David L. Wilkinson, Atty. Gen., J. Stephen Mikita, Salt Lake City, for defendant and respondent.

## MEMORANDUM OF DECISION

ZIMMERMAN, Justice:

Defendant James A. Warner pleaded guilty to aggravated robbery on June 15, 1981. He was sentenced to five years to life on the charge, with an additional five year consecutive sentence imposed for the use of a firearm in the commission of the events. This appeal is from a denial of his petition for a writ of habeas corpus in which he contended that his plea was not entered knowingly and voluntarily.

We find no merit to defendant's claim. The trial judge followed the litany required by Utah Rules of Criminal Procedure 11(e), U.C.A., 1953, § 77-35-11 (1982 ed.), except that in his question and answer session with defendant, he did not ask specifically whether defendant was aware that he had a right against compulsory self-incrimination, as required by Rule 11(e)(3). Defendant argues that this omission rendered his pleas involuntary under *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Although the letter of Rule 11 was not complied with, we find that the record as a whole affirmatively establishes that defendant entered his plea with full knowledge and understanding of its consequences and of the rights he was waiving, including his right against self-incrimination. *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970); *North Carolina v. Alford*, 400 U.S. 25, 37–38, 91 S.Ct. 160, 167–168, 27 L.Ed.2d 162 (1970); *Combs v. Turner*, 25 Utah 2d 397, 400–01, 483 P.2d 437, 439 (1971).

The decision of the district court is affirmed.

HALL, C.J., and HOWE, STEWART and DURHAM, JJ., concur.