**STATE of Utah, Plaintiff and Respondent,**

v.

**Jon C. VASILACOPULOS, Defendant and Appellant.**

Nos. 870291–CA; 870507–CA.

Court of Appeals of Utah.

June 3, 1988.

Rehearing Denied July 19, 1988.

---

James N. Barber (argued), Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Stephen J. Sorensen, Asst. Atty. Gen., Stanley H. Olsen (argued), Asst. Atty. Gen., for plaintiff and respondent.

Before BENCH, DAVIDSON and JACKSON, JJ.

## OPINION

BENCH, Judge:

Defendant Jon Vasilacopulos appeals from a trial court's denial of his motion to withdraw his guilty plea. We reverse and remand.

Defendant was charged by amended information with twenty felony counts of theft by deception, in violation of Utah Code Ann. § 76–6–405 (1978). A preliminary hearing was held and defendant was bound over for trial on eighteen of the twenty counts. On February 17, 1984, defendant entered a guilty plea to three of the felony counts, one second degree and two third degree, based on a memorandum agreement that the remaining counts would be dismissed and sentencing would be delayed until August 1984. Defendant executed an affidavit waiving his rights, acknowledging his guilt, and affirming the voluntariness of his plea. Defendant failed to appear for sentencing. The trial court issued a bench warrant, and one year later defendant was arrested. He was sentenced to consecutive terms of incarceration for the three felonies and a total fine of $20,000.

Defendant filed a motion for reconsideration of sentence in November 1985, a petition for habeas corpus relief in June 1986, a motion for resentencing in February 1987, and a motion to withdraw his plea in September 1987. The court denied his motions and dismissed his petition. Defendant filed a notice of appeal from the trial court's denial of his motion for resentenc-

ing, a petition for writ of mandamus, and a notice of appeal from the court's denial of his motion to withdraw his plea. The three actions were consolidated for appeal by order of this Court.

On appeal, defendant claims his guilty plea was involuntary and improperly taken by the trial court, and, therefore, the trial court erred in denying his motion to withdraw his plea. Utah Code Ann. § 77–13–6 (1982) states, in part, "A plea of guilty ... may be withdrawn only upon good cause shown and with leave of court." The denial of a motion to withdraw a guilty plea will be reversed only when it clearly appears the trial court has abused its discretion. *State v. Mildenhall,* 747 P.2d 422 (Utah 1987).

Defendant argues the trial court abused its discretion by failing to comply with Utah R.Crim.P. 11(e) (Utah Code Ann. § 77–35–11(e) (1987)). Rule 11(e) states:

The court ... shall not accept [a plea of guilty] until the court has made the findings:

(1) That if the defendant is not represented by counsel he has knowingly waived his right to counsel and does not desire counsel;

(2) That the plea is voluntarily made;

(3) That the defendant knows he has rights against compulsory self-incrimination, to a jury trial and to confront and cross-examine in open court the witnesses against him, and that by entering the plea he waives all of those rights;

(4) That the defendant understands the nature and elements of the offense to which he is entering the plea; that upon trial the prosecution would have the burden of proving each of those elements beyond a reasonable doubt; and that the plea is an admission of all those elements;

(5) That the defendant knows the minimum and maximum sentence that may be imposed upon him for each offense to which a plea is entered, including the possibility of the imposition of consecutive sentences; and

(6) Whether the tendered plea is a result of a prior plea discussion and plea agreement and if so, what agreement has been reached.

*See also* R.Prac.Dist.Cir.Cts. 3.6. Defendant claims the trial court failed to find he understood the nature and elements of the offenses and the possibility of the imposition of consecutive sentences, in violation of subsections 4 and 5 of Rule 11(e).

In the companion cases of *Warner v. Morris,* 709 P.2d 309 (Utah 1985), and *Brooks v. Morris,* 709 P.2d 310 (Utah 1985), the trial courts substantially followed the litany required by Rule 11(e). In *Warner,* however, the court failed to ask defendant whether he was aware he had a right against compulsory self-incrimination. Similarly, in *Brooks* the court failed to ask defendant whether he understood he was waiving his right against self-incrimination. In both cases, the Utah Supreme Court held, "Although the letter of Rule 11 was not complied with, we find that the record as a whole affirmatively establishes that defendant entered his plea with full knowledge and understanding of its consequences and of the rights he was waiving...." *Warner,* 709 P.2d at 310; *Brooks,* 709 P.2d at 311. The Court reaffirmed its decisions in *Warner* and *Brooks* in *State v. Miller,* 718 P.2d 403 (Utah 1986).

■ Subsequently, in *State v. Gibbons,* 740 P.2d 1309 (Utah 1987), the Utah Supreme Court, without acknowledging *Warner, Brooks,* or *Miller,* effectively replaced the prior "record as a whole" test with a strict Rule 11(e) compliance test in accepting a defendant's guilty plea. In *Gibbons,* the Court remanded defendant's appeal of his guilty plea as defendant had failed to first file a motion to withdraw his plea, thereby disallowing the trial court the opportunity to address an alleged error. However, the Court retained jurisdiction over the case for any necessary future action and utilized the opportunity to issue "a statement of law concerning the taking of guilty pleas in all trial courts in this state...." *Id.* at 1312. In its statement of law, the *Gibbons* Court held, "Rule 11(e)

squarely places on trial courts the burden of ensuring that constitutional and Rule 11(e) requirements are complied with when a guilty plea is entered." *Id.* Trial courts may not rely on defense counsel or executed affidavits to satisfy the specific requirements of Rule 11(e). *Id.* at 1313. Rather, with or without an affidavit or defense counsel's advice, the trial court must conduct an on-the-record review with defendant of the Rule 11(e) requirements. *Id.* at 1314.

■ In the instant case, defendant entered his plea on February 17, 1984. Therefore, the strict Rule 11(e) compliance standard established under *Gibbons* in 1987 does not apply. *See United States v. Johnson,* 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982); *State v. Norton,* 675 P.2d 577 (Utah 1983) (when a new rule of criminal procedure constitutes a clear break with the past, it will not be applied retroactively). Rather, we will apply the *Warner–Brooks* test to determine whether the record as a whole affirmatively establishes defendant entered his plea with full knowledge and understanding of its consequences, namely, the possibility of the imposition of consecutive sentences.

■ At defendant's change of plea hearing, the trial court reviewed with defendant that upon his plea of guilty to three counts, the prosecution would dismiss the remaining counts at the time of sentencing. The following exchange then occurred:

Is that your intent, sir?

Yes, it is.

Now have you gone over an affidavit with your attorney?

Yes, I have.

And do you understand the contents of that document?

Yes, I do.

And do you understand if you sign that you will be pleading guilty, as I have indicated to you?

Yes.

You also understand that if you sign that you will be waiving your right to a trial, your right to confront the witnesses, your right to appeal to a higher court?

Yes.

You also understand that if you were to go to trial in this matter you would not be compelled to take the witness stand and testify?

Yes, I do.

Are you presently under the influence of any type of alcohol or medication or narcotics that would impair your ability to exercise your free consent?

No, I am not.

Are you doing this of your own free will and consent?

Yes, I am.

Do you understand that these other counts, which I have read to you, will not be dismissed today, but they will be held pending until the date of sentencing?

Yes, I do.

How do you plead, sir?

Guilty.

You may proceed and execute your affidavit.

The trial court clearly failed to find defendant understood the possibility of consecutive sentences. The state argues the record as a whole affirmatively establishes defendant's full awareness of such a possibility. We disagree. The only record evidence the state can marshal for its position is the pre-sentence report and recommendation submitted at the sentencing hearing which was held one and one-half years after defendant entered his plea. The record as a whole supports a conclusion that defendant would only be subject to consecutive sentences under certain conditions. Paragraph 7 of defendant's affidavit states, "I also know that if I am on probation, parole, or awaiting sentencing upon another offense of which I have been convicted or to which I have plead [sic] guilty, my plea in the present action may result in consecutive sentences being imposed on me."

We conclude the record as a whole does not affirmatively establish defendant's full knowledge and understanding of the consequences of his plea under Rule 11(e)(5). Defendant has therefore satisfied his burden of showing good cause under section 77–13–6. The trial court abused its discretion in denying defendant's motion to withdraw his plea. In light of our conclusion, we do not reach defendant's other claim regarding Rule 11(e)(4).

The trial court's denial of defendant's motion to withdraw his guilty plea is reversed. Defendant's convictions are vacated, and the matter is remanded for further proceedings.

DAVIDSON, and JACKSON, JJ., concur.