**STATE of Utah, Plaintiff and Appellee,**

v.

**John Whitney SMITH, Defendant and Appellant.**

No. 870493.

Supreme Court of Utah.

June 30, 1989.

D. Gilbert Athay, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Charlene Barlow, Salt Lake City, for plaintiff and appellee.

DURHAM, Justice:

Defendant John Whitney Smith appeals from his conviction of sodomy on a child, a first degree felony, on the ground that the plea was not knowingly and voluntarily entered pursuant to rule 11(e) of the Utah Rules of Criminal Procedure. We reverse on those grounds and vacate the plea of guilty.

On July 24, 1986, defendant was charged with two counts of sodomy on a child, first degree felonies, in violation of Utah Code Ann. § 76-5-403.1 (Supp.1988), and one count of forcible sexual abuse, a second degree felony, in violation of Utah Code Ann. § 76-5-404 (Supp.1988). Thereafter, he signed a plea bargain affidavit which provided for counts two and three to be dropped upon a plea of guilty to one count of sodomy on a child. That plea was accepted by the trial court.

On November 20, 1987, pursuant to section 76-5-403.1(2), the trial court sentenced defendant to a minimum mandatory term of five years to life. A motion to vacate the sentence and set aside his guilty plea was subsequently denied, because of the pendency of this appeal.

Utah Code Ann. § 77-35-11(e) (Supp. 1988), also known as rule 11(e) of the Utah Rules of Criminal Procedure, states in pertinent part:

(e) The Court may refuse to accept a plea of guilty or no contest and shall not accept such a plea until the court has made the findings:

. . . .

(5) That the defendant knows the minimum and maximum sentence that may be imposed upon him for each offense to which a plea is entered, including the possibility of the imposition of consecutive sentences. . . .

In *State v. Gibbons*, 740 P.2d 1309 (Utah 1987), this Court held that "11(e) squarely places on trial courts the burden of insuring that constitutional and rule 11(e) requirements are complied with when a guilty plea is entered." *Id.* at 1312. We based this holding on the rationale expressed in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969),

where the United States Supreme Court stated: "What is at stake for an accused facing [punishment] demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of consequence." *Id.* at 243–44, 89 S.Ct. at 1712–13.

In the case before us today, neither defendant's affidavit regarding the plea agreement nor the transcript of the plea itself contains language clearly and unequivocally advising him that by pleading guilty he was subjecting himself to a mandatory prison sentence of at least five years. He was not advised in the affidavit that the law required that he be sentenced to a mandatory term of imprisonment. The affidavit read in part:

> I know that under the laws of Utah the possible maximum sentence that *can and may* be imposed upon my plea of guilty to the charge identified on page one of this Affidavit is as follows:
>
> (a) Imprisonment in the Utah State Prison for a minimum mandatory term of five, ten, or fifteen years and which may be for life.
>
> (b) And/or fined in any amount not in the excess of Ten Thousand Dollars ($10,000).

(Emphasis added.)

Defendant's affidavit misstated the sentencing options open to him. In *State v. Gibbons,* we discussed the elements necessary for a sufficient affidavit, finding that it must "clearly state the allowable punishment for the crimes charged...." *Id.* at 1313. Here, the form used standard language applicable to indeterminate sentences in a situation involving a minimum mandatory term. This language did not clearly state the allowable punishment. It was also misleading in that the phrase "possible maximum sentence that *can and may* be imposed" created the impression that a sentence of less than the mandatory term was possible. (Emphasis added.) Finally, reference to the "fine" option in alternative (b) of the affidavit created the

implication that a fine could legally be imposed *instead* of a prison sentence.

The transcript of the plea process in open court also reflects the likelihood of confusion on this issue. At the time the plea was taken, the court asked:

> And you understand that if you plead guilty to this offense, as is set out in this agreement, *you could be*—submit yourself to an imprisonment for a term— mandatory term of five, ten, or fifteen years up to life in the state penitentiary? Do you understand that?

(Emphasis added.)

The statement was ambiguous, and defendant was justified in misunderstanding that a mandatory term of at least five years in prison was the only legal sentencing alternative available to the judge pursuant to Utah Code Ann. § 76–5–403.1(2), the governing statute in this case. The statute provides that "sodomy upon a child is punishable as a felony of the first degree, by imprisonment in the state prison for a term which is a minimum mandatory term of five, ten, or fifteen years, and which may be for life."

Defendant may also have been misled into believing he was eligible for probation by paragraph 10 of his affidavit:

> I am also aware that any charge or sentencing concessions or recommendations for probation or suspended sentences, including a reduction of the charge for sentencing, made or sought by either defense counsel or the prosecutor are not binding on the court and may not be approved or followed by the court.

Defendant never was eligible for probation pursuant to Utah Code Ann. § 76–5–406.5 (Supp.1988), the statute listing the circumstances required for probation or suspension of sentence. He did not come within the purview of section 76–5–406.5(1) because he was neither the victim's parent, stepparent, adoptive parent, nor legal guardian. Thus, he was subjecting himself to a mandatory prison sentence upon entry of a guilty plea.

In *State v. Copeland,* 765 P.2d 1266 (Utah 1988), we also considered a defendant's claim that he had misunderstood the

sentencing requirement and that, therefore, his guilty plea was not knowingly and voluntarily made. In Copeland's plea bargain negotiation he was incorrectly led to understand that he would be punished either with a prison sentence or with a stay in the state hospital. This belief was erroneous under the applicable criminal statute. We held that he should therefore be permitted to withdraw his guilty plea because it was not knowingly and voluntarily made.

In order for defendant's guilty plea to be valid and in compliance with rule 11(e)(5) of the Utah Rules of Criminal Procedure and *State v. Gibbons,* the record must show that he was unequivocally and clearly informed about the sentence that would be imposed. Such evidence does not exist either in the affidavit regarding the plea bargain or in the transcript of the guilty plea. Thus, rule 11(e) and *State v. Gibbons* require the vacating of defendant's guilty plea on the ground that it was not knowingly and voluntarily made. Reversed and remanded.

HOWE, Associate C.J., and ZIMMERMAN, J., concur.

HALL, Chief Justice (dissenting):

I do not join the Court in setting aside defendant's plea of guilty because I am not persuaded that the plea was entered other than knowingly and voluntarily. I rely upon the following statements of the trial judge, counsel for the State, defense counsel, and defendant, all of which are extracted from the record of the proceedings at the time of arraignment:

THE COURT: The next matter is 1152, State of Utah, versus John Whitney Smith. Mr. Smith is present with his counsel, Willard Bishop. What is the intent of the defendant in the matter, Mr. Bishop?

MR. BISHOP: He's before the Court, your Honor, for arraignment. There was a recent bindover from the Circuit Court, and we're here concerning an agreement that's been reached concerning the disposition of the case. I have here an affidavit of the defendant regarding the plea bargain. I've read it and I've talked to my client about it and he's read it and understands it. He's initialed the paragraphs, and all that remains to be done is to date it and sign it before your Honor.

THE COURT: Why don't you do that now?

MR. BISHOP: Today is the 15th day of September. So you have to put "15" there. Write your name.

It's been signed by myself and Mr. Oehler and Mr. John Whitney Smith.

THE COURT: Thank you, Mr. Smith. Have you seen the Information on file in this case, the document that charges you with—

MR. BISHOP: He can't hear you, your Honor; he has difficulty hearing.

THE COURT: All right. Mr. Smith, have you read the Information in this case?

JOHN WHITNEY SMITH: Yes, sir.

THE COURT: How old are you?

JOHN WHITNEY SMITH: Fifty-nine.

THE COURT: Do you read and write the English language?

JOHN WHITNEY SMITH: Yes.

THE COURT: Do you want the Court to read you the document now or do you waive the reading of the Information?

JOHN WHITNEY SMITH: Waive it.

THE COURT: All right, it's waived. You are charged in the Information with three felony offenses. The first is "Sodomy on a Child," a first-degree felony, which is punishable from five years to life in the State penitentiary. Do you understand that charge and the possible penalty?

JOHN WHITNEY SMITH: Yes, sir, your Honor.

THE COURT: The second is a similar offense, "Sodomy on a Child," a first-degree felony, which carries the same penalty. Do you understand that?

JOHN WHITNEY SMITH: Yes, your Honor.

THE COURT: And the third count is "Forcible Sexual Abuse," a second-degree felony, punishable by one to 15 years in the State penitentiary, a $10,000

fine or both the fine and the imprisonment. Do you understand that charge and the penalty?

JOHN WHITNEY SMITH: Yes.

THE COURT: All right. I have in my hand an affidavit of the defendant regarding [the] plea bargain. Have you read this document?

JOHN WHITNEY SMITH: Yes, your Honor.

THE COURT: Have you discussed it with your attorney?

JOHN WHITNEY SMITH: Yes, your Honor.

THE COURT: Do you understand it and what it says?

JOHN WHITNEY SMITH: Yes.

THE COURT: Are these your initials by each paragraph?

JOHN WHITNEY SMITH: Yes.

THE COURT: And you have signed the document?

JOHN WHITNEY SMITH: Yes, your Honor.

THE COURT: All right. Do you have any question about what this document says?

JOHN WHITNEY SMITH: No, your Honor.

THE COURT: All right.

MR. BISHOP: The Court will notice that on the last page there has been an interlineation. We have included the words "or about," with respect to the date.

THE COURT: All right. Has anyone brought any force or threat or fear to bear against you to cause you to enter into this agreement, Mr. Smith?

JOHN WHITNEY SMITH: No, your Honor.

THE COURT: Are you acting freely and voluntarily?

JOHN WHITNEY SMITH: Yes, your Honor.

THE COURT: What is the plea agreement, Mr. Oehler?

MR. OEHLER: In exchange for the defendant's plea of guilty to Count 1, the State will move the Court to dismiss Counts 2 and 3. And I have agreed to recommend a presentence investigation prior to the imposition of sentence. No other promises have been made.

*With respect to the affidavit, your Honor, let me also point out in Paragraph 7 it specifically indicates that the punishment for Count 1 is a minimum mandatory five, 10 or 15 to life.*

THE COURT: *Do you understand what Mr. Oehler has just said?*

JOHN WHITNEY SMITH: *Yes, your Honor.*

THE COURT: All right. And you understand that if you plead guilty to this offense, as is set out in this agreement, you could be—*submit yourself to an imprisonment for a term—mandatory term of five, 10 or 15 years up to life in the State penitentiary? Do you understand that?*

JOHN WHITNEY SMITH: *Yes, your Honor.*

THE COURT: All right. Do you also understand that if you enter into this agreement, there will be no trial in the matter, you won't have an opportunity to confront and cross-examine the witnesses against you and you will stand convicted by your own plea? Do you understand that?

JOHN WHITNEY SMITH: Yes, your Honor.

THE COURT: All right. Do you have any questions about your constitutional rights, Mr. Smith?

JOHN WHITNEY SMITH: No.

THE COURT: All right. Is the agreement, which Mr. Oehler just set out, the agreement as you understand it? Is that what you are agreeing to?

JOHN WHITNEY SMITH: Yes.

THE COURT: Have any other promises been made to you?

JOHN WHITNEY SMITH: No.

THE COURT: All right. Is that the agreement, Mr. Bishop?

MR. BISHOP: It is.

THE COURT: Are you ready now to submit to enter your plea to Count 1 of this Information? Are you ready to enter your plea?

JOHN WHITNEY SMITH: Yes, your Honor.

THE COURT: What is your plea to the offense of sodomy on a child, a first-degree felony, guilty or not guilty?

JOHN WHITNEY SMITH: Guilty.

THE COURT: All right, what is the factual basis, Mr. Oehler?

MR. OEHLER: The proof would show beyond a reasonable doubt that on or about Pioneer Day of 1986, the defendant engaged in an oral sexual act upon a 10–year–old by involving the defendant's penis and the young boy's mouth.

THE COURT: Is that correct, Mr. Smith?

JOHN WHITNEY SMITH: Yes, your Honor.

THE COURT: All right. I find that there is a factual basis. The plea of guilty is entered. Both sides are recommending a presentence investigation?

MR. BISHOP: That's correct, your Honor.

MR. OEHLER: The State concurs, your Honor.

THE COURT: What about the other counts in the Information?

MR. OEHLER: At this time we move that Counts 2 and 3 be dismissed.

MR. BISHOP: No objection.

THE COURT: They're dismissed pursuant to the plea agreements. I'll refer the matter to the Adult Probation and Parole for the preparation of a presentence report.

(Emphasis added.)

The foregoing colloquy is demonstrative of defendant's clear knowledge of both the offense he agreed to plead to and the voluntary nature of the plea. Particularly is this so by reason of the underscored portions wherein counsel for the State reiterated the content of defendant's own affidavit which specifically indicated that the punishment for count 1 is imprisonment for a minimum mandatory term of five, ten, or fifteen years and which may be for life, to which when asked if he understood the punishment to be imposed, defendant responded: "Yes, your Honor." In addition, the judge's immediate response thereafter, when read in its entirety, leaves no ambiguity which defendant could reasonably rely upon to draw any conclusion that he was facing other than a mandatory prison sentence, the term of which was yet to be determined.

The judge began by saying "you could be," but then paused and corrected himself to say "submit yourself to an imprisonment for a term," again he paused, and then emphasized a *"mandatory* term of five, 10 or 15 years up to life in the State penitentiary? Do you understand that?" (emphasis added) to which defendant replied: "Yes, your Honor."

It thus appears abundantly clear from the record that defendant's plea was entered knowingly and voluntarily. Hence, I would affirm defendant's conviction and sentence and deny his request to set aside his plea.

DAVIDSON, Court of Appeals Judge, concurs in the dissenting opinion of HALL, C.J.

STEWART, J., does not participate herein.

RICHARD C. DAVIDSON, Court of Appeals Judge, sat.