STATE of Utah, Plaintiff and
Respondent,

v.

Victor VALENCIA, Defendant
and Appellant.

No. 890035–CA.

Court of Appeals of Utah.

July 10, 1989.

Edward K. Brass, Salt Lake City, Ann E. Block, San Francisco, Cal., for defendant and appellant.

R. Paul Van Dam, State Atty. Gen., Charlene Barlow, Asst. Atty. Gen., Governmental Affairs, Salt Lake City, for plaintiff and respondent.

Before DAVIDSON, JACKSON and ORME, JJ. (on Law and Motion).

## AMENDED MEMORANDUM DECISION

### PER CURIAM:

Defendant appeals the denial of his motion to set aside his guilty plea and resulting conviction. In his docketing statement, defendant contends that his plea was involuntarily and unknowingly entered because he was not advised of the possibility of deportation as a consequence of his conviction. We considered the issue herein to be

clear and straightforward and, under R.Utah Ct.App. 10(e), we determined to resolve the appeal summarily on our own motion. We conclude that the guilty plea was not entered in compliance with Utah Code Ann. § 77–35–11(5) (1988), as applied in *State v. Gibbons*, 740 P.2d 1309 (Utah 1987). Accordingly, we reverse and remand to allow defendant to withdraw his guilty plea and proceed to trial on the original charge.

Defendant is a Mexican national legally residing in the United States. He entered a guilty plea to attempted possession of heroin, a class A misdemeanor, as a plea bargain to the charge of felony possession with intent to distribute. At the time of his plea bargain, defendant signed a form statement stating, among other things, that he accepted his plea agreement and pleaded guilty. At the hearing on his guilty plea on July 17, 1987, the entire extent of any inquiry by the trial judge into defendant's volition or his understanding of the nature and consequences of his guilty plea was merely two questions: whether defendant "understood his affidavit," and whether his plea was "voluntary." These two brief questions by the court were answered affirmatively by defendant through a language interpreter. The trial judge then found the plea to be voluntary and defendant was sentenced immediately without the benefit of any presentence reports.

On appeal, defendant first complained that he was not advised that his conviction would lead to his deportation and, therefore, his plea was not knowingly entered. Whether the failure to advise an accused of possible deportation consequences can affect the voluntariness of the guilty plea is an issue of some disagreement among the courts of other jurisdictions. *Compare United States v. Parrino*, 212 F.2d 919 (2d Cir.1954) *and Carson v. State*, 755 P.2d 242 (Wyo.1988) (a court has no affirmative

duty to advise that as a collateral consequence of his plea defendant is subject to deportation) *with United States v. Briscoe*, 432 F.2d 1351, 1353 (C.A.D.C.1970) (a guilty plea may be suspect in appropriate cases when defendant has been misled as to possible deportation).

We need not reach this contention because, in his argument to this court, defendant also urges that the trial court's failure to conduct the specific inquiry of defendant and to make the required findings constitutes error. After a full examination of the record, we agree with defendant and conclude that his plea was not entered in compliance with Rule 11(5), Utah R.Crim.P. (Utah Code Ann. § 77–35–11(5) (1989))[1] and *State v. Gibbons*. Accordingly, the trial court abused its sound discretion in refusing to set the plea aside.[2]

 The trial court is emburdened to ensure compliance with the constitutional and Rule 11(5) requirements when a guilty plea is received. *Gibbons*, 740 P.2d at 1312. Although the issue here was first raised on appeal by appellant, in certain cases we may consider the failure to comply with Rule 11(5) and *Gibbons* as error sufficiently manifest and fundamental to be first raised on appeal to this court. *Cf. Boykin v. Alabama*, 395 U.S. 238, 241–42, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969) ("It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary.").

 We consider the trial court's examination of defendant at the time of the plea to be wholly inadequate under Rule 11(5). *See Gibbons*, 740 P.2d at 1312–13. Strict, and not just substantial, compliance with the rule is required. *State v. Vasilacopulos*, 756 P.2d 92, 94 (Utah App.1988).

**1.** In 1989, the subsection in former Rule 11(e) and Section 77–35–11(e) was redesignated as Rule 11(5) and Section 77–35–11(5). *See* 1989 Utah Laws, ch. 65, § 2.

**2.** Defendant's plea was entered approximately two weeks after the Utah Supreme Court's decision in *Gibbons* on June 30, 1987. It is unlikely that the trial judge had the benefit of *Gibbons* at the time defendant's plea was received.

In *Gibbons,* the Utah Supreme Court did not suggest that a written affidavit or plea form be used in every case. But, if such an affidavit or form is signed by the accused and used as part of the guilty plea to evidence his or her understanding of the charged offense and the waiver of certain rights, that statement cannot serve as a mere substitute for the full and complete examination on the record by the trial court that is required by the rule. *Gibbons,* 740 P.2d at 1312–14. After the court, in *Gibbons,* enumerated the elements that should be contained in a guilty plea affidavit (some of which are absent in this case), it further held that:

> The use of a sufficient affidavit can promote efficiency, but an affidavit should be only the starting point, not an end point, in the pleading process.... The trial judge should then review the statements in the affidavit with the defendant, *question the defendant concerning his understanding of it, and fulfill the other requirements imposed by § 77–35–11 on the record before accepting the guilty plea.*

*Id.* at 1313–14 (emphasis added).

⬛ Mere general questions which ask whether a plea is "voluntary" are insufficient under Rule 11(5). Specific inquiry should be made as to whether defendant understands that by his plea he waives his rights against self-incrimination, to a jury trial, to appeal, and to confront witnesses. For example, defendant was not specifically advised on the record by the court as to the nature and the elements of the offense to which he pleaded or to its consequences. *See* Rule 11(5)(c-e). Instead, the court relied only upon the form statement, which of itself was deficient, mandating that we reverse the conviction and the refusal to set aside the plea.

The brief, conclusory inquiry posed by the trial judge is, by itself, inadequate to assure the court that defendant's plea was entered with the informed knowledge and understanding of the consequences of the plea required by Rule 11(5). When an affidavit is used to evidence defendant's knowledge and willingness to plead guilty, the trial court's examination of defendant regarding the affidavit's contents should be sufficiently detailed and extensive to provide a factual basis to conclude from defendant's responses that his decision was knowing and voluntary. His understanding of the elements of the charges and the relationship of the law and the facts may not be presumed from a silent or incomplete examination. *See State v. Smith,* 776 P.2d 929 (1989) *and State v. Vasilacopulos,* 756 P.2d at 94.

Defendant's conviction and sentence are vacated. The matter is remanded to the trial court to allow defendant to withdraw his guilty plea.

DAVIDSON, JACKSON and ORME, JJ., concur.