**David Robert JOLIVET, Plaintiff and Appellant,**

v.

**Gerald COOK, Warden, Utah State Prison, Iron County, Utah, and the State of Utah, Defendants and Appellees.**

No. 880341.

Supreme Court of Utah.

Aug. 22, 1989.

Certiorari Denied Jan. 8, 1990.
See 110 S.Ct. 751.

David R. Jolivet, pro se.

R. Paul Van Dam, Sandra L. Sjogren, Salt Lake City, for defendants and appellees.

ZIMMERMAN, Justice:

Plaintiff David Robert Jolivet appeals from a denial of his motion to withdraw guilty pleas. He was convicted, following guilty pleas of aggravated kidnapping, rape, aggravated sexual assault, aggravated robbery, and forcible sodomy. Jolivet claims, among other things, that his pleas were unknowingly and involuntarily entered, that he had ineffective assistance of counsel, and that his sentences amount to cruel and unusual punishment. We affirm the trial court's denial of his motion.

*State v. Jolivet,* 712 P.2d 843, 844 (Utah 1986), outlines the relevant facts:

At a grocery store parking lot, the defendant forced his victim at gunpoint to enter his car. The defendant claimed he only wanted money and demanded the victim's purse, which she yielded to him. He then drove her several blocks to a motel where the sexual assault, rape, and sodomy were committed at gunpoint and under threats of death to the victim. Later, on the pretext of going shopping with the defendant to buy presents, the victim was able to induce the defendant to drive her back to the store. However, the defendant forced the victim to remain with him while returning to the store. Only after their return to the store parking lot was the victim able to persuade the defendant to release her, promising to go later to Canada with him. Although allowing her to return to her car, the defendant followed· her for several blocks after she drove out of the parking lot.

Jolivet was charged with aggravated kidnapping, rape, aggravated sexual assault, aggravated robbery, and forcible sodomy, all first degree felonies. Jolivet, represented by appointed counsel, pleaded guilty to all the charges. After accepting his guilty pleas, Judge J. Harlan Burns sentenced Jolivet to two consecutive terms of ten years to life for the aggravated kidnapping and aggravated sexual assault convictions and to three concurrent terms of six years to life for the rape, aggravated robbery, and forcible sodomy convictions. Judge Burns also ordered Jolivet to pay $88 in restitution.

Still utilizing the appointed counsel who represented him in the lower proceedings,

Jolivet directly appealed his convictions and sentences to this Court. In that appeal, Jolivet claimed that the imposition of consecutive sentences constituted multiple punishment for a single act because the aggravated kidnapping was merely incident to the aggravated sexual assault. We found Jolivet's claim unpersuasive and affirmed his convictions and sentences. *State v. Jolivet*, 712 P.2d 843 (Utah 1986).

Jolivet then filed a *pro se* motion to withdraw the guilty pleas in the Fifth Judicial District Court. After an evidentiary hearing on the motion, Judge Pat B. Brian, sitting by assignment, found by clear and convincing evidence that Jolivet had entered his guilty pleas voluntarily and knowingly. In particular, Judge Brian found that Jolivet understood the nature and elements of the offenses to which he entered guilty pleas and knew of the possibility of the imposition of consecutive sentences. Judge Brian also found that Jolivet had been represented by competent counsel. Based on these and other findings, the court denied Jolivet's motion. Jolivet appeals from that order.

Jolivet claims (i) that his pleas were unknowingly and involuntarily entered, (ii) that he had ineffective assistance of counsel, and (iii) that his sentences amount to cruel and unusual punishment.

We first address Jolivet's claim that his guilty pleas were unknowing and involuntary. Specifically, Jolivet argues that Judge Burns erred in the taking of his guilty pleas because he did not make findings that Jolivet understood the elements of each crime charged and how those elements related to the facts, as required by

*State v. Gibbons*, 740 P.2d 1309 (Utah 1987), or that Jolivet knew the possibility of the imposition of consecutive sentences. In fact, Jolivet claims that he did not know or understand these things when he entered his pleas.

■ Section 77–35–11(e)(4) of the Code requires that before a trial court accepts a guilty plea, it must find that the defendant understands the nature and elements of the offense to which he or she is entering the plea.[1] In *Gibbons*, this Court stated that in making this finding, the trial court must ensure that the defendant understands "the elements of the crimes charged and the relationship of the law to the facts." *Id.* at 1312. In addition, section 77–35–11(e)(5) requires that before the trial court accepts a guilty plea, it must find that the defendant knows of the possibility of the imposition of consecutive sentences.[2] The record clearly shows that at the time the guilty pleas were accepted, Judge Burns did not make the findings required by the Code, i.e., that Jolivet understood the elements of each crime charged and how those elements related to the facts and that Jolivet knew the possibility of the imposition of consecutive sentences. However, this Court has held, "[T]he absence of a finding under [section 77–35–11] is not critical so long as the record as a whole affirmatively establishes that the defendant entered his plea with full knowledge and understanding of its consequences and of the rights he was waiving." *State v. Miller*, 718 P.2d 403, 405 (Utah 1986); *Brooks v. Morris*, 709 P.2d 310, 311 (Utah 1985); *Warner v. Morris*, 709 P.2d 309, 310 (Utah

---

1. Section 77–35–11(e)(4) of the Code provides:
 (e) The court may refuse to accept a plea of guilty or no contest and shall not accept such a plea until the court has made the findings:
 . . . .
 (4) That the defendant understands the nature and elements of the offense to which he is entering the plea; that upon trial the prosecution would have the burden of proving each of those elements beyond a reasonable doubt; and that the plea is an admission of all those elements. . . .
 Utah Code Ann. § 77–35–11(e)(4) (Supp.1988) (repealed effective July 1, 1990).

2. Section 77–35–11(e)(5) of the Code provides:
 (e) The court may refuse to accept a plea of guilty or no contest and shall not accept such a plea until the court has made the findings:
 . . . .
 (5) That the defendant knows the minimum and maximum sentence that may be imposed upon him for each offense to which a plea is entered, including the possibility of the imposition of consecutive sentences. . . .
 Utah Code Ann. § 77–35–11(e)(5) (Supp.1988) (repealed effective July 1, 1990).

1985). Following the evidentiary hearing held on the motion to withdraw, Judge Brian made specific findings that Jolivet entered his guilty pleas knowingly and voluntarily. In particular, Judge Brian found that Jolivet understood the elements of the crimes charged and how those elements related to the facts and that Jolivet was aware of the possibility that he could receive consecutive sentences.

We will not set aside trial court findings of fact as "clearly erroneous" unless they "are against the clear weight of the evidence, or ... the appellate court otherwise reaches a definite and firm conviction that a mistake has been made." *State v. Walker*, 743 P.2d 191, 193 (Utah 1987); *see* Utah R.Civ.P. 52(a).[3] On appeal, Jolivet has not provided this Court with a transcript of the hearing before Judge Brian on the motion. We have previously stated, "If an appellant fails to provide an adequate record on appeal, this Court must assume the regularity of the proceedings below." *Miller*, 718 P.2d at 405; *State v. Robbins*, 709 P.2d 771, 773 (Utah 1985); *State v. Jones*, 657 P.2d 1263, 1267 (Utah 1982). However, we have proceeded to review the available record and conclude that it is sufficient to support Judge Brian's finding that the pleas were not unknowingly or involuntarily entered.

 Judge Brian's conclusion that Jolivet understood the elements of each crime charged and how those elements related to the facts is supported by the following record facts: Jolivet is of above-average intelligence. He attended the preliminary hearing at which the victim testified in detail about the alleged crimes. The victim's factual statements made out all the elements of each crime charged. Thereafter, in open court, the judge stated that he found probable cause and listed the crimes charged and the alleged facts relating to those charges. At Jolivet's first arraignment proceeding, after the charges were read, his counsel stated that Jolivet had requested that the reading of the amended information be waived, that he had received a preliminary hearing on the matter, that Jolivet reads, writes, and understands the English language, and that Jolivet had read the amended information and knew its contents. Then Jolivet, personally responding to the judge's questions, stated that he had completed two years of college, that he had read and understood the language in the amended information, and that he wanted to waive its reading. The amended information lists the crimes charged, and the facts, in element form, that make out each element and, lastly, gives the statutory citation for each crime.

At the beginning of his second arraignment, both Jolivet and his counsel stated that they were familiar with and fully aware of all the charges. They requested that the charges not be read or listed again. Nevertheless, the judge read the charges and had the facts relating to those charges stated. The judge then asked Jolivet if the factual situations relating to the crimes charged were fairly and fully stated. Jolivet answered in the affirmative.

We also conclude that the record as a whole supports Judge Brian's finding that Jolivet knew of the possibility of consecutive sentences and understood the consequences. At Jolivet's first arraignment, the judge told Jolivet that under the law,

---

**3.** Rule 52(a) provides in pertinent part:

In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgments shall be entered pursuant to Rule 58A; in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review. *Findings of fact, whether based on oral or documentary evidence, shall not be set*

*aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.* Utah R.Civ.P. 52(a) (emphasis added). Rule 52(a) applies in criminal cases by virtue of section 77-35-26(7), which provides: "The rules of civil procedure relating to appeals shall govern criminal appeals to the appellate court, except as otherwise provided." Utah Code Ann. § 77-35-26(7) (Supp.1988) (repealed effective July 1, 1990); *see also* Utah R.Civ.P. 81(e) (civil procedure rules apply in the absence of contradictory rule of criminal procedure).

the court could impose consecutive or concurrent sentences and asked Jolivet if he understood those possibilities. Jolivet answered in the affirmative. During his sentencing, after his counsel presented arguments supporting concurrent rather than consecutive sentences, Jolivet stated that he had previously received consecutive sentences in Canada for crimes committed there.

We next address Jolivet's second claim, that his counsel's failure to raise a claim that the pleas were involuntary and unknowing in the direct appeal constituted ineffective assistance of counsel. This claim can have no merit. Because we have already affirmed the trial court's rejection of Jolivet's claim that his pleas were given unknowingly and involuntarily, his counsel could not have been deficient in not raising such a meritless claim on direct appeal. *See, e.g., State v. Verde,* 770 P.2d 116, 118–19 (Utah 1989).

 Jolivet's third claim is that his sentences, particularly his two consecutive sentences of ten years to life on the aggravated kidnapping and aggravated sexual assault convictions, amount to cruel and unusual punishment. Jolivet did not raise this claim below in his motion to withdraw his guilty pleas. We have held that in the absence of exceptional circumstances, this Court will not entertain a claim raised for the first time on appeal. *Gibbons,* 740 P.2d at 1311; *State v. Steggell,* 660 P.2d 252, 254 (Utah 1983). There are no exceptional circumstances that would justify our addressing this claim. Therefore, we decline to consider it. We note that it is hard to understand how a claim that a sentence constitutes cruel and unusual punishment can be raised via a motion to withdraw a plea when this claim has nothing to do with the plea.[4]

We have considered Jolivet's remaining arguments and find them to be without merit. Accordingly, we affirm the district court's order denying Jolivet's motion to withdraw his guilty pleas.

WE CONCUR:

HALL, C.J., HOWE, Associate C.J., DURHAM, J., and JUDITH M. BILLINGS, Court of Appeals Judge, concur.

STEWART, J., does not participate herein; BILLINGS, Court of Appeals Judge, sat.

---

**4.** As mentioned above in the facts, Jolivet raised a claim on direct appeal somewhat similar to this cruel-and-unusual-punishment claim. In our decision on direct appeal, we found no abuse of discretion by the trial court in the imposition of consecutive sentences for the separate offenses in this case. *State v. Jolivet,* 712 P.2d 843, 844 (Utah 1986).