STATE of Utah, Plaintiff and Appellee,

v.

Frank Edward PHARRIS, Defendant
and Appellant.

No. 890549–CA.

Court of Appeals of Utah.

Sept. 14, 1990.

James A. Valdez and Elizabeth Holbrook, Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, Atty. Gen., and Dan R. Larsen, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

Before BILLINGS and JACKSON, JJ., and NEWEY, Senior Juvenile Court Judge.[1]

OPINION

BILLINGS, Judge:

Defendant Frank Edward Pharris appeals his conviction of retail theft, a third degree felony, in violation of Utah Code Ann. § 76–6–602(1) (1989). We vacate the conviction and remand.

Defendant was accused of taking a VCR from a Sears store without paying for it. Police arrested defendant in the store parking lot with the VCR in his possession.

Defendant's trial was set for August 8, 1989. On the day of trial, defendant agreed to enter a guilty plea if the State would not oppose a motion that defendant be sentenced pursuant to Utah Code Ann. § 76–6–412(1)(c) (1989), for a class A misdemeanor.

At the change of plea hearing, the trial judge asked defendant whether he had

1. Robert L. Newey, Senior Juvenile Court Judge, sitting by special appointment pursuant to Utah Code Ann. § 78–3–24(10) (1990).

gone over his statement with his attorney, whether he was under the influence of drugs or alcohol, whether he understood the English language, whether he was threatened or promised anything other than the plea bargain itself, and whether he was acting freely and of his own volition.

The judge then told defendant he was entitled to certain constitutional protections including the right to trial by a jury, the right to confront and cross-examine witnesses, the right to require the State to prove its case beyond a reasonable doubt, and "other valuable constitutional rights." Defendant said he understood his waiver of those rights by pleading guilty and was willing to do so.

The judge asked defendant if he had any questions of the court or of his attorney. Defendant responded, "No." The judge asked if defendant knew the allowable penalties for a third degree felony and whether his attorney had discussed those penalties with him. Defendant answered, "Yes." The judge told defendant the court was not bound by the recommendations of the plea bargain and the court could impose any sentence either concurrently or consecutively with the sentence defendant was presently serving.

Defendant entered a plea of guilty which the judge declared was entered voluntarily and knowingly. Defendant waived the two-day minimum time for sentencing and asked to be sentenced immediately. Defense counsel asked the court to impose sentence as a class A misdemeanor. The prosecutor did not oppose defense counsel's request but described defendant's extensive criminal record. The judge denied defendant's motion to reduce the offense one degree and sentenced defendant to serve zero to five years concurrently with the sentence he was presently serving.

Defendant immediately moved to withdraw his guilty plea and asked to proceed to trial. Defense counsel argued that unless his client received some concession in the sentence, it would be a disservice to him not to go to trial. The judge granted the motion and set trial for the next day.

The next morning, the judge reversed his decision granting the motion to withdraw the guilty plea, explaining that a showing of "good cause" was required. The judge then gave defendant an opportunity to show good cause as to why his plea should be withdrawn. In response, defense counsel explained the State had not opposed the reduction of defendant's sentence to a class A misdemeanor. He pointed to the length of time defendant had been incarcerated since his arrest and the circumstances surrounding defendant's release on another conviction and his subsequent arrest. Defense counsel also mentioned that he had ineffectively represented defendant by indicating that the plea bargain had a good chance of success. In response, the prosecutor again outlined portions of defendant's prior criminal record.

The judge noted he had informed defendant before the guilty plea was entered that the recommendations as to the sentence were not binding on the court and defendant's disappointment with the sentence did not establish good cause for withdrawal of the plea. The judge ultimately reimposed the sentence.

Among other claims on appeal,[2] defendant asserts the trial judge failed to comply with Rule 11 of the Utah Rules of Criminal Procedure as required by the Utah Supreme Court in *State v. Gibbons,* 740 P.2d 1309 (Utah 1987), when accepting his guilty plea. Defendant contends the trial court failed to inform him of (1) his right against self-incrimination; (2) the nature and elements of the offense; and (3) the possible penalties which might be imposed. The State on appeal does not contend the trial court's questioning of defendant complies with the *Gibbons* strict compliance test, but rather responds that appellate court

**2.** Defendant also claims that (1) the prosecutor failed to comply with the plea agreement; (2) the court erred in reversing its prior order granting withdrawal of the plea; (3) there was "good cause" to allow defendant to withdraw his guilty plea; and (4) defendant's sentence was based on material misinformation. Because we reverse on defendant's Rule 11 claim, we do not reach the other issues presented on appeal.

decisions subsequent to *Gibbons* have abandoned the strict compliance standard and allow application of the prior "record as a whole" test to determine whether defendant knowingly and voluntarily entered his guilty plea. The State further asserts that, at the hearing before the trial judge, defendant did not articulate as a ground for withdrawal of his plea that the court failed to comply with Rule 11 and thus defendant cannot raise this issue for the first time on appeal.

## CONSIDERING VOLUNTARINESS OF GUILTY PLEA FOR FIRST TIME ON APPEAL

■ Both the Utah Supreme Court and the Utah Court of Appeals have allowed a Rule 11 challenge to the voluntariness of a plea to be considered for the first time on appeal. "[I]n certain cases we may consider the failure to comply with Rule 11(5) and *Gibbons* as error sufficiently manifest and fundamental to be first raised on appeal to this court." *State v. Valencia,* 776 P.2d 1332, 1334 (Utah Ct.App.1989) (per curiam).[3] *See also State v. Gibbons,* 740 P.2d 1309, 1311 (Utah 1987) (defendant had not moved to withdraw guilty plea and court remanded to the trial court to allow a withdrawal motion while retaining jurisdiction over the case).

The *Valencia* court relied on the United States Supreme Court decision in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), where the Court found

no error when the Alabama Supreme Court, on its own motion, dealt with the constitutionality of a guilty plea. *Id.* at 240, 89 S.Ct. at 1710. The Court stated that "[i]t was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary." *Id.* at 242, 89 S.Ct. at 1711.[4]

Although we acknowledge that the trial judge made a greater effort to ensure that defendant's plea was voluntarily and knowingly given than in *Valencia* and *Boykin,* because of the fundamental rights involved, we conclude the trial court's deficiencies in determining whether the guilty plea was entered knowingly and voluntarily constitute plain error.[5] We therefore will address this issue for the first time on appeal.

## RULE 11

■ Rule 11 of the Utah Rules of Criminal Procedure sets out findings a court must make before accepting a guilty plea. Rule 11(5) provides, in pertinent part:

The court may refuse to accept a plea of guilty or no contest, and may not accept the plea until the court has found:

. . . .

(b) the plea is voluntarily made;

(c) the defendant knows he has rights against compulsory self-incrimination, to a jury trial, and to confront and cross-examine in open court the witnesses

---

**3.** In *Valencia,* the defendant was asked two questions at the time the guilty plea was entered: (1) whether defendant "understood his affidavit;" and (2) whether his plea was "voluntary." *Valencia,* 776 P.2d at 1334. The court found that the guilty plea was not entered in compliance with Rule 11(5) or with *Gibbons* and summarily reversed and remanded to allow defendant to withdraw his guilty plea and proceed to trial. *Valencia,* 776 P.2d at 1334.

**4.** In *Boykin,* there was no dialogue in the record between the defendant and the trial judge as to the voluntariness of the guilty plea, *Boykin,* 395 U.S. at 239, 89 S.Ct. at 1710, and the United States Supreme Court therefore concluded that the defendant's constitutional rights had been violated. *Id.* at 243, 89 S.Ct. at 1712.

**5.** The Utah Supreme Court has enunciated a two-part test for determining plain error. *State*

*v. Eldredge,* 773 P.2d 29, 35 (Utah 1989), *cert. denied,* — U.S. —, 110 S.Ct. 62, 107 L.Ed.2d 29 (1989). First, the error must be "plain," which means "from our examination of the record, we must be able to say that it should have been obvious to the trial court that it was committing error." *Id.* at 35. Second, the error "must affect the substantial rights of the accused, i.e., that the error be harmful." *Id.* *See also State v. Braun,* 787 P.2d 1336, 1341 (Utah Ct.App.1990).

The defendant's guilty plea in this case was entered after the *Gibbons* case was decided. Therefore, it should have been obvious to the trial judge that strict compliance with Rule 11 was required. In addition, defendant's substantial constitutional rights were affected by this failure to strictly comply with Rule 11.

against him, and that by entering the plea he waives all of those rights;

(d) the defendant understands the nature and elements of the offense to which he is entering the plea; that upon trial the prosecution would have the burden of proving each of those elements beyond a reasonable doubt; and that the plea is an admission of all those elements;

(e) the defendant knows the minimum and maximum sentence that may be imposed upon him for each offense to which a plea is entered, including the possibility of the imposition of consecutive sentences;

Utah R.Crim.P. 11(5).

Prior to 1987, the Utah Supreme Court did not require strict compliance with Rule 11. The court had concluded that a guilty plea may be upheld if "the record as a whole affirmatively establishes that defendant entered his plea with full knowledge and understanding of its consequences." *Warner v. Morris*, 709 P.2d 309, 310 (Utah 1985) (mem.); *see also Brooks v. Morris*, 709 P.2d 310, 311 (Utah 1985) (per curiam). This "record as a whole" test was later reaffirmed in *State v. Miller*, 718 P.2d 403, 405 (Utah 1986) (per curiam).

In 1987, the Utah Supreme Court rejected the "record as a whole" test. In *State v. Gibbons*, 740 P.2d 1309 (Utah 1987), the Utah Supreme Court announced that strict compliance was required under Rule 11(5) of the Utah Rules of Criminal Procedure when defendants entered guilty pleas. *Id.* at 1314. In *Gibbons*, the trial judge, in accepting Gibbons' guilty plea, informed him of the penalties for the crimes, the constitutional rights he waived as articulated in Rule 11, the possible sentences for the crimes, and the possibility that those sentences could run concurrently or consecutively. *Id.* at 1311. However, the trial judge failed to inform Gibbons of the elements of the crimes. *Id.* The Utah Supreme Court remanded Gibbon's appeal of his guilty plea because he had not filed a motion to withdraw his plea, thereby depriving the trial court of the opportunity to address the error, but articulated its concern that the plea was not properly taken as defendant had not been adequately informed of the elements of the offense to which he pled. *Id.* at 1311.

The Utah Supreme Court in *Gibbons* took the opportunity to articulate the requirements for accepting guilty pleas. The court noted the trial court's burden to comply with the Rule 11 requirements:

> Because of the importance of compliance with Rule 11(e) [new Rule 11(5)] and *Boykin*, the law places the burden of establishing compliance with those requirements on the trial judge. It is not sufficient to assume that defense attorneys make sure that their clients fully understand the contents of the affidavit.
>
> The use of a sufficient affidavit can promote efficiency, but an affidavit should be only a starting point, not an end point, in the pleading process.

*Id.* at 1313.

The court found that a "sufficient affidavit" should contain the following elements: (1) a list of the names and the degrees of the crimes charged; (2) a statement of the elements of the offenses; (3) a synopsis of the defendant's acts that establish the elements of the crimes charged; (4) the allowable punishment for the crimes charged and note the possibility of consecutive sentences for multiple crimes; (5) the rights waived by the entry of a guilty plea; (6) the details of any plea bargain with a disclaimer that any sentencing recommendations may not be followed; (7) the defendant's ability to read and understand the English language; (8) the defendant's competency; and (9) the absence of any inducements to influence defendant's plea. *Id.* at 1313–14. The court concluded that *"[t]he trial judge should then review the statements in the affidavit with the defendant, question the defendant concerning his understanding of it, and fulfill the other requirements imposed by [Rule 11] on the record before accepting the guilty plea."* *Id.* at 1314 (emphasis added).

The *Gibbons* standard was acknowledged by this court in *State v. Vasilacopulos*, 756 P.2d 92 (Utah Ct.App.1988), *cert. denied,*

765 P.2d 1278 (Utah 1988), where we reiterated the rule that:

> [t]rial courts may not rely on defense counsel or executed affidavits to satisfy the specific requirements of Rule 11(e). [*Gibbons*, 740 P.2d] at 1313. Rather, with or without an affidavit or defense counsel's advice, the trial court must conduct an on-the-record review with defendant of the Rule 11(e) requirements.

*Vasilacopulos*, 756 P.2d at 94 (quoting *Gibbons*, 740 P.2d at 1314)). However, in *Vasilacopulos*, the defendant's guilty plea was entered prior to *Gibbons* and thus the court applied the previous "record as a whole" test. Recently in *State v. Gentry*, 797 P.2d 456 (Utah Ct.App.1990), we clearly held that the *Gibbons* strict compliance test is controlling. *Id.* at 458–459.

Other opinions have likewise stated the test for determining whether Rule 11 has been followed is the strict compliance test articulated in *Gibbons*. *See State v. Smith*, 777 P.2d 464, 465 (Utah 1989) [6];

*State v. Valencia*, 776 P.2d 1332, 1335 (Utah Ct.App.1989) (per curiam) [7].

The State relies on *Jolivet v. Cook*, 784 P.2d 1148, 1149 (Utah 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 751, 107 L.Ed.2d 767 (1990),[8] and *State v. Copeland*, 765 P.2d 1266, 1273 (Utah 1988),[9] to support its argument that the Utah Supreme Court has retrenched to the "record as a whole" test. However, we assume that the court applied the "record as a whole" test in these cases because the guilty pleas in both cases were entered before the *Gibbons* decision.[10]

The State also argues that this court has retrenched to the "record as a whole" test as well in *State v. Thurston*, 781 P.2d 1296 (Utah Ct.App.1989). However, *Thurston* is not on point and the State is mistaken in its reliance on this case. In *Thurston*, the defendant argued the State had not kept its part of the plea agreement as to the recommendation that defendant receive probation and thus defendant should be allowed to

**6.** In *Smith*, the Utah Supreme Court allowed the defendant to withdraw a guilty plea because the trial judge did not strictly comply with Rule 11. *Smith*, 777 P.2d at 465. The court ruled that the test for complying with Rule 11 is the strict compliance test articulated in *Gibbons*. *Id.* The court then found that neither the plea bargain affidavit nor the trial judge clearly communicated that defendant would be required to serve a minimum mandatory sentence of five years. *Id.*

**7.** In *Valencia*, the defendant entered his guilty plea after the *Gibbons* decision. The trial judge failed to review the contents of the affidavit with the defendant. *Valencia*, 776 P.2d at 1335. The court concluded that the affidavit alone could not "serve as a mere substitute for the full and complete review on the record by the trial court that is required by the rule." *Id.* Since the trial judge failed to comply with Rule 11, the court remanded to the trial court to allow the defendant to withdraw his guilty plea. *Id.*

**8.** In *Jolivet*, the Utah Supreme Court applied the "record as a whole" test to Jolivet's motion to withdraw a guilty plea. *Jolivet*, 784 P.2d at 1149. While the court does not give the date Jolivet entered his guilty plea or address the fact that the guilty plea had been entered prior to *Gibbons*, the *Jolivet* decision was the second appeal by the defendant, who had entered his guilty plea prior to the first appeal decided in 1986, before the decision in *Gibbons*. *See State v. Jolivet*, 712 P.2d 843 (Utah 1986).

**9.** In *Copeland*, the defendant argued that the trial court failed to explain the nature and elements of the offense. *Copeland*, 765 P.2d 1273. The court examined the record and found that the trial court had adequately explained the elements of the crime to the defendant. *Id.* Although the trial court did not use the preferred method of having the "defendant state in his own words his understanding of the offense and the actions which make him guilty of the crime," *id.*, the court found that the elements of the offense were clearly explained to defendant at the time of his arraignment and, therefore, under the "record as a whole" test, the plea was voluntary. *Id.* Once again, however, Copeland entered his guilty plea before *Gibbons* was decided and although the court did not articulate this as a reason for applying the "record as a whole" test, we assume this to be the case.

**10.** Utah courts have refused to apply the *Gibbons* strict compliance test to pre-*Gibbons* guilty pleas. In *State v. Vasilacopulos*, 756 P.2d 92 (Utah Ct.App.1988), this court ruled that the *Gibbons* test did not apply since *Vasilacopulos* entered his guilty plea in 1984 before the *Gibbons* case was decided. *Id.* at 94. The court ruled that since the *Gibbons* test was a "clear break with the past," it would not be applied retroactively. *Id.* *See also State v. Hickman*, 779 P.2d 670, 672 n. 1 (Utah 1989) (per curiam).

withdraw his guilty plea because of this failure. *Id.* at 1301. The issue was not whether the trial court failed to comply with Rule 11 in determining whether the plea was knowing and voluntary. As the court explained:

> The record here establishes that defendant was fully informed of his rights and the consequences of his guilty plea. The judge, pursuant to Rule 11, informed defendant of his rights to trial and against self-incrimination, and related to him the potential consequences of his guilty plea.

*Id.* at 1302.

In summary, we find the *Gibbons* strict compliance test is applicable to this post-*Gibbons* guilty plea. In reviewing the trial court's inquiry into the voluntariness of defendant's plea, we find the trial judge did not review with the defendant in court on the record three of the requirements of Rule 11.

■ First, the trial court did not as required by Rule 11(5)(c) inform defendant at the time the plea was taken that he waived his constitutional right against self-incrimination by pleading guilty to the offense. The State argues that this information is included in the affidavit. However, inclusion in the affidavit alone is not sufficient to ensure that the defendant's constitutional rights are protected. *See Gibbons,* 740 P.2d at 1314.

Next, the trial court made no inquiry on the record concerning defendant's understanding of the nature and elements of the offense as required by Rule 11(5)(d). The State argues that the nature and elements of the offense of retail theft were explained at defendant's preliminary hearing. However, the preliminary hearing transcript is not before us and thus it is impossible for us to make this determination. Again, this information is only in the affidavit and, as we have explained, that alone is insufficient. Failure to inform a defendant of the nature and elements of the offense is fatal to a guilty plea conviction. *See Gibbons,* 740 P.2d at 1314.[11] *See also Valencia,* 776 P.2d 1332, 1335 (Utah Ct. App.1989).

Finally, the trial court failed to review the possible punishment with defendant as required by Rule 11(5)(e). The record reflects the following dialogue between the defendant and the trial court on the issue of penalties:

Q [THE COURT]: Are you aware of the possible penalties that can be imposed for a Third Degree Felony? Has your attorney told you what the possible penalties are?

A [DEFENDANT]: Yes.

Utah courts have found the failure to inform a defendant of the punishments possible is fatal to a guilty plea conviction.[12] *See Smith,* 777 P.2d 464, 466 (Utah 1989) (court reversed because record did not show defendant was informed of the minimum mandatory sentence which would be imposed); *Vasilacopulos,* 756 P.2d at 95 (in a pre-*Gibbons* plea, the court reversed after finding the defendant did not understand the possibility of consecutive sentences).[13]

---

**11.** The *Gibbons* court relied on *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), where the United States Supreme Court stated that the factual elements of the charges must be explained so the defendant understands those elements. *Id.* at 466, 89 S.Ct. at 1170. The Court concluded that "[t]here is no adequate substitute for demonstrating *in the record at the time the plea is entered* the defendant's understanding of the nature of the charge against him." *Id.*

**12.** The State argues the affidavit is sufficient to apprise defendant of the allowable sentence. However, the affidavit signed by the defendant listed "Theft, 3rd Degree, 0–5" under the notation of "Crime, Degree, and Punishment," but the affidavit did not include the term "years" following "0–5."

**13.** The *Gibbons* court stated that a judge may not use an affidavit to establish compliance with Rule 11:

> It is not sufficient to assume that defense attorneys make sure that their clients fully understand the contents of the affidavit.
>
> The use of a sufficient affidavit can promote efficiency, but an affidavit should be only a starting point, not an end point, in the pleading process.

*Gibbons,* 740 P.2d at 1313.

The Utah Supreme Court's most recent opinion on this *Gibbons* issue is somewhat ambiguous. In *State v. Smith,* 777 P.2d 464 (Utah 1989), the court found that neither the affidavit nor the trial court clearly explained the possibility of a minimum mandatory sentence to the defendant. *Id.* at 465. The court concluded:

Under the *Gibbons* strict compliance test, before accepting the guilty plea, the trial court must review on the record with the defendant at the time the plea is taken the nature and elements of the offense, the constitutional rights articulated in Rule 11 which he waives by pleading guilty, and the allowable penalties. We find that the trial court failed to strictly comply with Rule 11 and *Gibbons* and thus we vacate defendant's conviction and remand to the trial court to allow defendant to withdraw his guilty plea.

JACKSON and NEWEY, JJ., concur.

"In order for defendant's guilty plea to be valid and in compliance with rule 11(e)(5) of the Utah Rules of Criminal Procedure and *State v. Gibbons,* the record must show that he was unequivocally and clearly informed about the sentence that would be imposed. *Such evidence does not exist either in the affidavit regarding the plea bargain or in the transcript of the guilty plea.* Thus, rule 11(e) and *State v. Gibbons* require the vacating of defendant's guilty plea on the ground that it was not knowingly and voluntarily made." *Id.* at 466 (emphasis added).